

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**ENTERED**
**06/12/2009**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 08-37521-H4-13 |
| DONALD G. DEPUGH, | § | |
| | § | Chapter 13 |
| Debtor. | § | |

## MEMORANDUM OPINION REGARDING DEBTOR'S OBJECTION TO ROUNDUP FUNDING, LLC'S PROOF OF CLAIM NUMBERS 5 AND 6
[Docket Nos. 23 & 24.]

### I. INTRODUCTION

In October of 2008, this Court issued a memorandum opinion in *In re Gilbreath* criticizing the lax practices and gamesmanship that pervade the bankruptcy system with respect to the filing and amending of deficient proofs of claim. 395 B.R. 356 (Bankr. S.D. Tex. 2008). Following its ruling in *Gilbreath*, in order to prevent future violations of Bankruptcy Rule 3001 and to foster judicial efficiency and economy, on December 11, 2008, this Court issued a written notice and order in all Chapter 13 cases requiring creditors to seek leave of court or written consent of the debtor before amending a deficient proof of claim after the debtor has lodged a valid claim objection (the Notice and Order). *See* Notice and Order that Federal Rule 15, as Made Applicable by Bankruptcy Rule 7015, Shall Apply Whenever an Objection to a Proof of Claim Is Lodged, *available at* http://www.txs.uscourts.gov/bankruptcy/judges/jb/notice.htm.

Despite this Court's prior published opinion in *Gilbreath*, the Notice and Order (and its continuing efforts to have creditors comply with Bankruptcy Rule 3001),[1] Roundup Funding, LLC (Roundup)—either due to a flagrant disregard of this Court's prior rulings or a complete lack of

---

[1] Since rendering its opinion in *Gilbreath*, this Court has issued another opinion, *In re North Bay General Hosp., Inc.*, 404 B.R. 443 (Bankr. S.D. Tex. 2009), which outlines the proof of claim filing requirements.

diligence—filed two proofs of claim in the present case in January of 2009 with no documents attached to them. Additionally, despite the Notice and Order, Roundup, without leave of Court or the Debtor's written consent, amended one of its deficient proofs of claim in this case on April 22, 2009, seventy-seven days after the Debtor objected to Roundup's original proofs of claim.

Additionally, Roundup's counsel of record, Kelly Gill (Gill), did not appear at the hearing on the Debtor's objections to Roundup's proofs of claim, but rather sent another attorney in his place, Robert MacNaughton (MacNaughton), who had virtually no knowledge of Roundup's claims or the applicable opinions issued by this Court and the United States District Court for the Southern District of Texas. MacNaughton was therefore in violation of Local Rule for the Southern District of Texas 11.2 because he appeared in Court without being "fully informed"; and, further, Gill, as the attorney-in-charge, was in violation of this same rule because of his duty to attend all proceedings "or send a fully informed attorney."

Where a debtor is forced to incur attorneys' fees objecting to deficient proofs of claim and attending hearings for which the creditor's counsel is woefully unprepared, it is not only the debtor that bears these costs but also every other unsecured creditor, as every penny used to pay a debtor's attorney's priority claim for fees necessarily reduces the amount available to pay other creditors. Additionally, the practice of filing skeletal proofs of claim and requiring the debtor to object before producing documents that should have been produced to begin with could, in the aggregate, cost Chapter 13 debtors substantial sums that could be put to better use proposing and maintaining payments on a feasible plan of reorganization. "[T]he fact is that debtors in chapter 13 frequently live so close to the line that every penny counts: Every penny that they keep, and every penny that they put toward their plan." *See In re Flauntleroy*, 311 B.R. 730, 739 (Bankr. E.D.N.C. 2004); *see*

*also In re T-H New Orleans Ltd. Partnership*, 116 F.3d 790, 807 (5th Cir. 1997) (noting that the dual aims of bankruptcy are payment of claims and a debtor's ability to obtain a fresh start).  In the case at bar, the Debtor has been forced to needlessly incur attorney's fees due to Roundup's failure to comply with the fundamental requirements set forth in Bankruptcy Rule 3001.  Accordingly, this Court not only sustains the Debtor's objection to Roundup's proofs of claim, but also imposes sanctions on Roundup and Gill, its counsel of record, by requiring them to pay the attorney's fees incurred by the Debtor.

Set forth below are this Court's written findings of fact and conclusions of law.  To the extent a finding of fact is construed to be a conclusion of law, it is adopted as such.  To the extent a conclusion of law is construed to be a finding of fact, it is adopted as such.  This Court reserves the right to make additional findings of fact and conclusions of law as it deems necessary or appropriate, or as may be requested by any of the parties.  Additionally, to the extent that a finding of fact or conclusion of law set forth in this written Memorandum Opinion conflicts with a finding of fact or conclusion of law made orally at the claim objection hearing held on April 27, 2009, the former controls.  For the reasons set forth below, the Debtor's objections to Roundup's proofs of claim should be sustained, Roundup's claims should be disallowed, and sanctions should be imposed against Roundup and Gill, its counsel of record, for their violations of the local rules and this Court's Notice and Order.

## II. Findings of Fact

1. On November 25, 2008, Donald G. DePugh (the Debtor) filed a voluntary Chapter 13 petition, initiating the above-referenced Chapter 13 case. [Docket No. 1.]

2. The last day for a non-government creditor to file a proof of claim in this Chapter 13 case

3

was April 23, 2009.  *See* [Docket No. 16.]

**Roundup's Original Proofs of Claim**

3.      On January 26, 2009, Roundup filed Proof of Claim 5, a true and correct copy of which is

attached to this Opinion as Exhibit A.  Proof of Claim 5 consists of the official proof of claim

form along with one attachment.  On the form, Roundup lists the amount of the claim as

$19,073.04, lists the basis for the claim as "Unsecured Account," and provides the last four

digits of an account number—XX59G5—by which the Debtor may be identified.[2]  Roundup

also notes on the proof of claim form that the Debtor may have scheduled the claim as being

held by "Wells Fargo."  Roundup attached a single document to Proof of Claim 5 that

contains the same information provided on the form with respect to the claim, but which also

represents that the claim was assigned to Roundup by "NCO Portfolio Management, Inc."

and that the original creditor on this account was "WELLS FARGO."

4.      On January 27, 2009, Roundup filed Proof of Claim 6, a true and correct copy of which is

attached to this Opinion as Exhibit B.  Proof of Claim 6 consists of the official proof of claim

form along with one attachment.  On the form, Roundup lists the amount of the claim as

$32,283.66, lists the basis for the claim as "Credit Card," and provides the last four digits of

an account number—8548—by which the Debtor may be identified.[3]  Roundup also notes

on the proof of claim form that the Debtor may have scheduled the claim as being held by

---

[2] No account number with the last four digits 59G5 is listed in the Debtor's Schedule F.  However, the Debtor has scheduled an unsecured claim held by Wells Fargo arising from an account number ending in 7777 for $19,073.04. The Debtor has scheduled this unsecured claim as "disputed."

[3] The Debtor's Schedule F lists an unsecured claim held by "Plaza Associates / Bank of America," arising from an account number ending in 8548 for $31,841.53.  This debt is not scheduled as "disputed."  Although the account number matches the account number listed in Roundup's Proof of Claim 6, the amount differs from both the amount listed in Proof of Claim 6—$32,283.66—and Roundup's Amended Proof of Claim 6—$34,991.94—discussed below.

"FIA Card Services NA aka Bank of America." Roundup attached a single document to Proof of Claim 6 that contains the same information provided on the form with respect to the claim, but which also represents that the claim was assigned to Roundup by "FIA Card Services NA aka Bank of America."

5.      On February 4, 2009, the Debtor filed objections to Proof of Claim 5 and 6 (the Objections). [Docket Nos. 23 & 24.] The Debtor objects to both of Roundup's proofs of claim on the following grounds: (1) Roundup failed to attach documentation to prove the existence of its purported claims; (2) Roundup failed to comply with Federal Rule of Bankruptcy Procedure 3001 (Bankruptcy Rule 3001); and (3) the Debtor denies that he has any liability to Roundup. In support of this third contention, the Debtor has attached an affidavit to the Objections, in which he swears that he does not owe any money to Roundup and that he has no proof of the debt, the transfer, or the proper amount owed. The Debtor requests that Claims 5 and 6 be disallowed.

6.      On February 20, 2009, Roundup filed a Response to the Objections (the Response). [Docket No. 26.] The Response alleges that Roundup purchased the accounts ending in 8548 and 59G5 as part of a "bulk purchase" from "FIA" and "NCO," respectively. Additionally, throughout the Response, Roundup confuses Proofs of Claim 5 and 6.[4] The Response cites

---

[4] For example, Roundup refers to Claim 5 in the Response as an account held by "FIA Card Services aka Bank of America," ending in 8548, in the amount of $32,283.66. This is the name of the creditor and the amount set forth in Proof of Claim 6, not Proof of Claim 5. Additionally, Roundup alleges that the Debtor scheduled the unsecured claim comprising Proof of Claim 6 in the exact amount listed in Proof of Claim 6, when in actuality, the Debtor scheduled the unsecured claim comprising Proof of Claim 5—i.e. $19,073.04—in the same amount listed in Roundup's Proof of Claim 5. The Response also alleges that the Debtor's schedules list the amount sought in Proof of Claim 6 as "disputed," when it is the claim comprising Proof of Claim 5 that the Debtor actually listed as "disputed." The Response also contains a number of grammatical and typographical errors. Further, the Response identifies a slew of cases from other jurisdictions with respect to proof of claim filing requirements; however, the Response fails to discuss, or even mention, this Court's opinion in *Gilbreath* or District Judge Gray Miller's opinion in *Tran*.

The Court notes these discrepancies not to dwell on the technical errors in Roundup's Response, but to make

to a number of published (and unpublished) opinions from courts in other circuits and one published opinion issued by the Bankruptcy Court for the Northern District of Texas in support of Roundup's contention that its skeletal proofs of claim should not be disallowed, but rather are only deprived of prima facie validity. Roundup also asserts that an objection to a proof of claim based solely on a creditor's failure to comply with Bankruptcy Rule 3001 (which requires creditors to attach supporting documentation to their proofs of claim) is not a valid objection under 11 U.S.C. § 502(b). The Response does not mention this Court's published opinion in *Gilbreath*, or the published opinion issued by the Honorable Gray H. Miller, United States District Judge for the Southern District of Texas, in *ECast Settlement Corp. v. Tran (In re Tran)*, 369 B.R. 312 (S.D. Tex. 2007), which affirmed a ruling by Bankruptcy Judge Karen K. Brown, and which is binding on this Court.[5]

7.    Roundup attached the following documents to the Response:

a.    A "Term Agreement" between NCO Portfolio Management, Inc. and Roundup dated December 22, 2008, which "[p]ursuant to the Bankruptcy Receivable Purchase Agreement dated as of August 6th, 2008" (which has not been provided), purports to transfer to Roundup "all right, title and interest in the Accounts or receivables

---

a broader point about Roundup's lack of care and diligence with respect to this dispute at large, which has ultimately led this Court to conclude that sanctions in the form of attorneys' fees are warranted against Roundup and its counsel of record, Gill, for their conduct in this dispute. *See infra* Part III.D.

[5] This Court agrees with the assessment of the Bankruptcy Court for the Northern District of Texas that decisions by the district court are binding on the bankruptcy courts of that district under the federal hierarchical judicial structure. *Rand Energy Co. v. Strata Directional Tech., Inc. (In re Rand Energy Co.)*, 259 B.R. 274, 276 (Bankr. N.D. Tex. 2001); *see also In re Windmill Farms, Inc.*, 70 B.R. 618, 621-22 (B.A.P. 9th Cir. 1987), *rev'd on other grounds*, 841 F.2d 1467 (9th Cir. 1988); *Johnson-Allen v. Lomas and Nettleton Co. (In re Johnson-Allen)*, 67 B.R. 968, 972-73 (Bankr. E.D. Pa. 1986); *In re Windsor Communications Group, Inc.*, 67 B.R. 692, 698-99 (Bankr. E.D. Pa. 1986); *In re Moisson*, 51 B.R. 227, 229 (Bankr. E.D. Mich. 1985); *and see generally* Daniel J. Bussel, Power, Authority, and Precedent in Interpreting the Bankruptcy Code, 41 UCLA L. Rev. 1063 (1994).

arising therefrom described below."

b.     An "Assignment of Accounts" between NCO Portfolio Management, Inc. and
Roundup dated December 22, 2008, which purports to transfer to Roundup "all right,
title and interest in and to (i) Seller's Receivables 6,060 accounts, . . . which are
described on computer files furnished by Seller to Buyer in connection herewith
(each, an "Account"); (ii) all judgments obtained in connection with any such
Account; and (iii) all proceeds of Accounts after the close of business on December
22, 2008." This document also provides that the transfer "is subject to the terms of
the Bankruptcy Receivable Forward Flow Purchase Agreement of Chapter 7 and
Chapter 13 Receivables dated August 6th, 2008" (which is not provided).

c.     A number of what appears to be redacted printouts from some unidentified computer
spreadsheet pertaining to account numbers ending in 59G5 and 7777, some of which
contain the personal information of the Debtor (though not in connection with the
account numbers listed above).

d.     An invoice dated December 23, 2008 confirming the terms under which FIA Card
Services, N.A. would sell 1,137 accounts to Roundup pursuant to the terms of an
"Agreement" (which, once again, has not been provided).

e.     A redacted computer printout listing account number ending in 8548, and other
printouts listing the Debtor's personal information (again, not alongside the account
number listed above).

f.     An affidavit signed by Steven G. Kane (Kane), the operations manager for B-Line,
LLC, a purported business affiliate that maintains records and provides bankruptcy

7

services to Roundup, in which Kane swears that Roundup is the current holder of an account number ending in 8548 originally held by Bank of America, then assigned to FIA Card Services, N.A., then assigned to Roundup.  In this affidavit, Kane also swears that Roundup is the current holder of an account number ending in 7777 originally held by Wells Fargo, then assigned to NGO Portfolio Management, Inc.—at which point the account number changed to a number ending in 59G5—then assigned to Roundup.

8.     Roundup has not amended either of its proofs of claim to include the documents attached to the Response and did not move to offer them into evidence at the hearing on the Objections held on April 27, 2009.

**Roundup's Amended Proof of Claim 6**

9.     On April 22, 2009, Roundup—without leave of Court or consent of the Debtor—amended Proof of Claim 6 to include documentation in support of the claim.  The amount of the claim listed on Amended Proof of Claim 6 is $34,991.94. A true and correct copy of Amended Proof of Claim 6 is attached to this Opinion as Exhibit C

10.    Roundup attached the following documents to its Amended Proof of Claim 6: (1) A one-page summary of the interest that has accrued with respect to two accounts—one ending in 5261, and another ending in 8548—since the date the Debtor's bankruptcy petition was filed.  This document also represents that the "Charge-Off Balance" on those two accounts as of October 28, 2006 was $27,332.69 and that this amount, when added to the interest that has accrued since the petition date—i.e. $7,659.25—equals a total claim for $34,991.94; and (2) a number of invoices from 2006 showing various purchases made by the Debtor charged to an

8

account number ending in 5261 held by "MBNA America" or "Bank of America / MBNA." Roundup has not attached any documentation to suggest that Roundup is the current owner and holder of the account ending in 8548, which, according to both the Debtor's Schedule F and the invoices attached to Roundup's Amended Proof of Claim 6, is held by either Plaza Associates or Bank of America (or its affiliate, FIA Card Services).

11.     Roundup has not amended Proof of Claim 5.

**The Claim Objection Hearing**

12.     On April 27, 2009, this Court held a hearing on the Objections.  Counsel of record for Roundup—Gill—did not appear, but rather sent MacNaughton to appear on behalf of Roundup in his place.  At the hearing, MacNaughton conceded that he had not reviewed this Court's opinion in *Gilbreath* or the District Court's opinion in *Tran*, that he was unaware of the Notice and Order requiring Roundup to seek leave of Court or the Debtor's consent before amending its contested claims, and that he did not know why supporting documents had not been attached to Proof of Claim 5 and 6 or where such documents might be found. In fact, MacNaughton had virtually no knowledge of the Debtor's case or the nature of Roundup's claim.   Additionally, MacNaughton did not offer any evidence to support Roundup's claims at the hearing; he neither adduced testimony nor sought to introduce exhibits.  As a result, this Court issued an oral ruling at the conclusion of the hearing sustaining the Debtor's Objections, disallowing Claims 5 and 6, and awarding sanctions in the form of attorneys' fees against Roundup and Gill, its counsel of record, for failing to review applicable case law and to come prepared for the hearing in accordance with the

9

Local Rules for the Southern District of Texas.[6]

13.     On May 27, 2009, this Court issued a written Order Disallowing Proofs of Claim #5 and #6

Filed by Roundup Funding LLC, memorializing its ruling from the April 27, 2009 hearing.

[Docket No. 63.]   In accordance with this Court's oral ruling, the order provides that

Roundup and Gill shall pay counsel for the Debtor—John E. Smith (Smith)—for the value

of the services rendered by Smith on behalf of the Debtor in objecting to Roundup's claims.

Specifically, this Court ordered Roundup and Gill to pay $1,050.00 to compensate Smith

(representing the three hours that Smith spent objecting to Roundup's claims, multiplied by

his hourly rate of $350.00).

### III. CONCLUSIONS OF LAW

**A.     Jurisdiction and Venue**

The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 1334(b) and 157(a).

This claim objection proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and

(O).   Additionally, this proceeding is a core proceeding under the general "catch-all" language of 28

U.S.C. § 157(b)(2).   *See In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding

is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding

that, by its nature, could arise only in the context of a bankruptcy case."); *In re Ginther Trusts*, No.

06-3556, 2006 WL 3805670, at *19 (Bankr. S.D. Tex. Dec. 22, 2006) (holding that a matter may

constitute a core proceeding under 28 U.S.C. § 157(b)(2) "even though the laundry list of core

proceedings under § 157(b)(2) does not specifically name this particular circumstance").   Venue is

---

[6] This Court chose not to impose sanctions against MacNaughton based upon the Eleventh Circuit's holding in *Stuart I. Levin & Assocs., P.A. v. Rogers*, 156 F.3d 1135, 1141 (11th Cir. 1998), where the court chose to sanction the attorney-in-charge. *See infra* Part III.D.

proper pursuant to 28 U.S.C. § 1408(1).

**B.      Standard for Ruling on Claim Objections**

Allowance of claims is governed by 11 U.S.C. § 502.  Section 502(a) provides that a proof of claim filed under § 501 is deemed allowed unless a party-in-interest objects.  Section 502(b) provides that once an objection is made, the Court shall determine the amount of the claim as of the petition date and "shall allow such claim in such amount" unless the claim falls under one of the nine statutory grounds for disallowance listed in § 502(b)(1)-(9).

The statutory grounds for disallowance most applicable to the dispute at bar are § 502(b)(1) and (9).  Under § 502(b)(1), a claim must be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." Additionally, under § 502(b)(9), a claim must be disallowed if "proof of such claim is not timely filed" with narrow exceptions carved out for tardy claims filed pursuant to 11 U.S.C. § 726(a)(1)-(3), or in accordance with the Bankruptcy Rules.

The form and content requirements for proofs of claim are set forth in Federal Rule of Bankruptcy Procedure 3001 (Bankruptcy Rule 3001).  Bankruptcy Rule 3001(a) mandates that "[a] proof of claim shall conform substantially to the appropriate Official Form"—that is, Official Form 10 (Form 10).   Additionally, Bankruptcy Rule 9009 states that the Official Forms "shall be observed."  Fed. R. Bankr. P. 9009.  Paragraph 7 of Form 10 requires the creditor to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements" or a summary of such documents.  Paragraph 7 of Form 10 also requires that "[i]f the documents are not available, please explain."  Bankruptcy Rule 3001(c) requires that, when a claim

11

is based on a writing, "the original or a duplicate shall be filed with the proof of claim"; or, if the writing has been lost or destroyed, "a statement of the circumstances of the loss or destruction shall be filed with the claim." A proof of claim that comports with the requirements set forth in Bankruptcy Rule 3001, "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

In *Gilbreath*, this Court described the burden-shifting process that § 502 and Bankruptcy Rule 3001 create during a proof of claim dispute. *In re Gilbreath*, 395 B.R at 361-65. If, for example, an unsecured creditor files a proof of claim that fully complies with Bankruptcy Rule 3001, that claim is deemed prima facie valid and, if the debtor objects to that claim, he or she must adduce evidence sufficient to rebut the presumption of validity and establish that the claim should be disallowed pursuant to § 502(b). If, however, an unsecured creditor files a proof of claim that fails to comply with Bankruptcy Rule 3001, the Debtor has no evidentiary burden to overcome when lodging a claim objection pursuant to § 502(b),[7] at which point the burden shifts back to the creditor to prove the underlying validity of its claim by a preponderance of the evidence in order to have its

---

[7] Some courts have suggested that even if a creditor's proof of claim fails to comply with Bankruptcy Rule 3001, the debtor's objection must still produce "some evidence which tends to 'meet, overcome, or at least equalize' the statements on the proof of claim." *In re Habiballa*, 337 B.R. 911, 915 (Bankr. E.D. Wis. 2006) (quoting *In re Cluff*, 313 B.R. 323, 338 (Bankr. D. Utah 2004)). These courts essentially reason that because a proof of claim is signed under penalty of up to $500,000.00 or five years in prison, even a skeletal proof of claim should be afforded some sort of evidentiary weight. *Id.* Based on this reasoning, these courts posit that a debtor's objection to even a bare-bones proof of claim should be accompanied by some evidence, such as a sworn affidavit. *Id.* This reasoning fails to account for the fact that a debtor is also subject to severe penalties for making false factual statements or frivolous allegations in a claim objection—or in his schedules. Because both creditors and debtors are subject to reprimand for making false statements with respect to claims, the notion that a deficient proof of claim should be afforded some evidentiary weight, but a claim objection without accompanying affidavits should not, rings hollow.

Additionally, despite these opinions, this Court is bound to follow the District Court's decision in *Tran, see supra* note 5, which holds that a debtor "has no evidentiary burden to overcome" in objecting to a claim that is not prima facie valid. *In re Tran*, 369 B.R. at 318. Also, even if this Court were to adopt the reasoning from the bankruptcy courts mentioned above, because the Debtor attached a sworn affidavit to the Objection, he has taken sufficient action to "meet, overcome, or at least equalize" the statements made in Roundup's original proofs of claim. *In re Habiballa*, 337 B.R. at 915.

claim allowed. *See* 11 U.S.C. § 502; *In re O'Connor*, 153 F.3d 258, 260-61 (5th Cir. 1998); *In re Fid. Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988); *see also Placid Oil Co. v. IRS (In re Placid Oil Co.)*, 988 F.2d 554, 557 (5th Cir. 1993) *abrogated by Raleigh v. Ill. Dept. of Revenue*, 530 U.S. 15, 20, 22 n.2 (2000) (determining that the bankruptcy process does not alter the applicable burden of proof with respect to state tax liability, but leaving open the question of the applicable burden of proof with respect to proof of claim disputes). This Court rendered its decision in *Gilbreath*—at least in part—to help curb the growing trend of creditors filing seriously deficient proofs of claim in the name of frugality, only amending those claims to include the proper documentation after the debtor lodges an objection and the Court sets the matter for a hearing.

This Court believes that the Supreme Court created Bankruptcy Rule 3001 for a reason[8]—so that debtors and other parties in interest can see and read the documents upon which claims are based in order to make an *initial* assessment of their validity. This Court does not believe that the Supreme Court contemplated that creditors could ignore Bankruptcy Rule 3001's requirements unless and until a debtor complains and then cry "no harm, no foul" by producing documents that should have been produced to begin with. This latter scenario subverts the fundamental process by which the American legal system is based—that a claimant must come forward with at least some evidence that its claims are valid before collecting their due. *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 21 (2000) (recognizing that "the burden of proof is an essential element of the claim itself," and that "one who asserts a claim [has] the burden of proof that normally comes with it"). Though efficiency and the speedy resolution of the claims objection process is important to keep bankruptcy cases running smoothly, such efficiency should not come at the expense of accuracy, fairness, and

---

[8] The Federal Rules of Bankruptcy Procedure are promulgated by the Supreme Court of the United States.

13

fundamental evidentiary requirements.  Every penny that goes to pay a creditor's allowed claim necessarily diminishes the pool of funds available to pay other creditors while, at the same time, reducing the probability that the Chapter 13 debtor will be able to propose, and make payments on, a feasible plan of reorganization.  Creditors are provided ample leeway to have their claims presumed valid—and to shift the evidentiary burden to the debtor—if they simply comply with Bankruptcy Rule 3001 the *first* time they file a proof of claim.  As this Court stated in *Gilbreath*,

> Even if the Court were inclined to consider the potential costs of complying with the Bankruptcy Rules, its decision would be the same. Bankruptcy Rule 3001(c) provides that if the documents supporting the creditor's claim cannot be produced, "a statement of the circumstances of the loss or destruction shall be filed with the claim." Fed. R. Bankr.P. 3001(c). Further, paragraph 7 of Form 10 allows a creditor to attach a summary of documents supporting the claim and requires some explanation if the documents are unavailable. These rules and instructions appear to be designed specifically to accommodate creditors who claim to be unable to locate the documents on which their claims are based. Given these provisions, it is difficult to understand how providing a summary of documents supporting a claim, or at least providing an explanation for why the proof of claim has nothing attached to it, unduly burdens creditors. The only explanation could be that certain creditors wish to continue their routine of executing and filing proofs of claim without objection and without any evidence—essentially, without having to do any work.

In order to ensure compliance with Bankruptcy Rule 3001 and to give effect to the burden-shifting framework contemplated by § 502, this Court—in accordance with Bankruptcy Rule 9014 and this Court's equitable power under 11 U.S.C. § 105(a)[9]—issued a Notice and Order that

---

[9] Bankruptcy Rule 9014 allows a bankruptcy court to apply any of the Bankruptcy Rules in Part VII to a contested matter "at any stage in a particular matter." Fed. R. Bankr. P. 9014. Section 105(a) of the Bankruptcy Code, which allows a bankruptcy court to issue any order "necessary or appropriate to carry out the provisions of" the Bankruptcy Code, has also been frequently applied to allow or disallow amendments to proofs of claim as a matter of equity. *See, e.g., United States v. Johnston*, 267 B.R. 717, 721 (N.D. Tex. 2001) (concluding that "the [bankruptcy] court's power to prevent abuse of process includes bending the time requirements . . . to permit amendments" (internal marks omitted)); *In re Eden*, 141 B.R. 121, 123-24 (Bankr. W.D. Tex. 1992) (recognizing that "many bankruptcy courts—for equitable reasons—do permit amendments to proofs of claim, even past the bar date"). The Seventh Circuit explained that "[Bankruptcy] Rule 7015 is not . . . the only possible authority for amendment. Another possible basis is the bankruptcy court's broad equitable jurisdiction." *In re Unroe*, 937 F.2d 346, 349 (7th Cir. 1991).

Bankruptcy Rule 7015 shall apply in all Chapter 13 cases after a claim objection is filed.  Bankruptcy

Rule 7015 incorporates Federal Rule of Civil Procedure 15, which requires claimants to obtain "the

opposing party's written consent or the court's leave" to amend a claim after being served with a

response—in this case, a written objection.  Fed. R. Civ. P. 15(a)(2).  As this Court pointed out in

*Gilbreath*, "most bankruptcy courts have recognized that '[t]he trend of the cases appear to apply

Rule 7015 to contested matters'" (here, the Debtor's Objection initiated a contested matter).  *In re*

*Gilbreath*, 395 B.R. at 366 (quoting *In re MK Lombard Group I, Ltd.*, 301 B.R. 812, 816 (Bankr.

E.D. Pa. 2003); and citing *In re Stavriotis*, 977 F.2d 1202, 1204 (7th Cir. 1992) (noting that

Bankruptcy Rule 9014 permits extension of Rule 7015 to contested matters); *In re Best Refrigerated*

*Express, Inc.*, 192 B.R. 503, 506 (Bankr. D. Neb. 1996) (applying Rule 7015 through Rule 9014 to

allow amendment to a filed proof of claim to relate back); *Enjet, Inc. v. Maritime Challenge Corp.*

*(In re Enjet, Inc.)*, 220 B.R. 312, 314 (E.D. La. 1998) (noting that "numerous courts have applied

Rule 7015 and Rule 15(c) explicitly or by analogy in non-adversary [bankruptcy] proceedings"); *In*

*re Brown*, 159 B.R. 710, 714 (Bankr. D.N.J. 1993) (noting that Rule 15's "standards for allowing

amendments to pleadings in adversary proceedings . . . also apply to amendments to a proof of

claim"); *In re Blue Diamond Coal Co.*, 147 B.R. 720, 725 (Bankr. E.D. Tenn. 1992) (extending Rule

9014 to apply Rule 7015 to contested matters); *In re Enron Corp.*, 298 B.R. 513, 521-22 (Bankr.

S.D.N.Y. 2003) (invoking Rule 9014 to apply Rule 7015); 10 Collier on Bankruptcy ¶ 7015.02 n.

1 (Matthew Bender 15th ed. Rev.)).

　　　　Having described the applicable legal standard for ruling on claim objections and

amendments to contested proofs of claim, the Court will now apply those standards to the dispute

at bar.

**C.**    **Debtor's Objections to Roundup's Proofs of Claim**

As discussed above, even if Roundup's proofs of claim are not prima facie valid, they are not automatically disallowed.   *See In re Armstrong*, 320 B.R. 97, 106 (Bankr. N.D. Tex. 2005). However, the Debtor has no evidentiary burden to overcome in making a claim objection.   *In re Tran*, 369 B.R. at 318.   Thus, if the Debtor has lodged a claim objection that constitutes a valid ground for disallowance pursuant to § 502(b), the burden shifts back to Roundup to prove the underlying validity of its claims by a preponderance of the evidence. *See In re O'Connor*, 153 F.3d at 260-61; *In re Fid. Holding Co., Ltd.*, 837 F.2d at 698.

Roundup argues that the Debtor's Objections are invalid because they are merely technical complaints that Roundup did not comply with Bankruptcy Rule 3001, and that the Debtor needed to object based on one of the nine grounds enumerated in § 502(b).   As in *Gilbreath*, this Court need not decide whether § 502(b) provides an exclusive list of valid claim objections because the Debtor has, in fact, raised a valid objection pursuant to § 502(b)(1).   *See In re Gilbreath*, 395 B.R. at 364 n.3.   Specifically, the Debtor has alleged that he does not have any liability to Roundup and has attached an affidavit supporting this allegation.   [Finding of Fact No. 5.]   This objection falls squarely within the ambit of § 502(b)(1), which provides that a claim must be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."  Additionally, as this Court stated in *Gilbreath*, even if the Debtor had merely complained that Roundup has not produced sufficient documentation to support its claims, such an objection "necessarily asserts that the claim is 'unenforceable against the debtor . . . under . . . applicable law' under § 502(b)(1)."  *Id.* ("This Court knows of no jurisdiction where a claim arising out of a credit card agreement is

16

enforceable without proof of the underlying agreement. Neither is this Court aware of any jurisdiction where a purchaser of contract rights may establish the enforceability of those rights without proof of purchase.").

Additionally, this Court's Notice and Order became applicable in December of 2008 and the Debtor's Objection was filed on February 4, 2009, such that Roundup was required to obtain leave of this Court or the Debtor's consent before amending Proof of Claim 6 on April 22, 2009. [Finding of Fact No. 9.] Because Roundup did neither, it was barred from amending Proof of Claim 6 and, therefore, Amended Proof of Claim 6 will be stricken. It is also noteworthy that even though Roundup attached a slew of documentation to its Response to the Debtor's Objection, it chose to offer none of these documents at the evidentiary hearing on April 27, 2009. While, at the outset, Roundup's claims might have enjoyed prima facie validity had these documents been attached to its original proofs of claim, the Objection initiated a full blown evidentiary dispute which required Roundup to introduce evidence or adduce testimony to establish the underlying validity of its claims by a preponderance of the evidence. *See In re O'Connor*, 153 F.3d at 260-61; *In re Fid. Holding Co., Ltd.*, 837 F.2d at 698. Because Roundup's Amended Proof of Claim 6 is stricken, and because Roundup chose not to offer any evidence at the hearing, this Court will look only to Roundup's original Proof of Claim 6 (and Proof of Claim 5, which was never amended) to determine whether they are valid and enforceable under Texas law.

### 1.     Validity of Roundup's Original Proofs of Claim 5 and 6

Here, Roundup's original proofs of claim fail to satisfy the requirements set forth in Bankruptcy Rule 3001 and the instructions in Form 10. Proof of Claim 5 and 6—which both purportedly arise out of credit card agreements—consist of nothing more than the official form with

a single, desultory document attached to it that essentially re-alleges the scant information that Roundup provided on the form. Proof of Claim 5 and 6 merely inform the Debtor, the Court, and indeed, any interested party, that a numbered account exists based on some unknown credit card agreement, allegedly executed between the Debtor and some third party, which was eventually assigned to either FIA Card Services NA aka Bank of America or NCO Portfolio Management, Inc., and which is now held by Roundup. Roundup now seeks to avail itself of the presumption that its claims are valid based on this paltry smattering of information. This Court will not allow it to do so.

As stated above, Bankruptcy Rule 3001(a) requires that Roundup's proofs of claim substantially conform to the instructions in Form 10. Form 10 instructs Roundup to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements" or a summary of such documents. Roundup failed to do so. Additionally, if such documents are unavailable, Form 10 instructs Roundup to "please explain." Roundup failed to do so. Bankruptcy Rule 3001(c) requires that, for claims based on a writing—such as credit card agreements—"the original or a duplicate shall be filed with the proof of claim"; or, if the writing has been lost or destroyed, "a statement of the circumstances of the loss or destruction shall be filed with the claim." Roundup has failed to file any documents along with Proof of Claim 5 or 6 and has not provided any statement explaining that such documents were lost or destroyed. There is no doubt that Roundup's claims do not enjoy prima facie validity under Bankruptcy Rule 3001(f), as they fail to comply with nearly every requirement of Bankruptcy Rule 3001. Thus, in accordance with the burden-shifting framework described in *Gilbreath* and above, the Debtor had no evidentiary burden

18

to overcome when making the Objections and needed only to raise a valid objection pursuant to § 506(b) to shift the burden back to Roundup to prove—by a preponderance of the evidence—that its claims are valid.

While the question of whether Roundup's claim is allowable in bankruptcy "is a matter of federal law and the bankruptcy court's exercise of equitable powers," the underlying validity of Roundup's claim is based on Texas contract law. *See First City Beaumont v. Durkay (In re Ford)*, 967 F.2d 1047, 1050 (5th Cir. 1992). For a contract to be enforceable under Texas law, a creditor must produce evidence of the contract under which a debtor is allegedly liable. *See Preston State Bank v. Jordan*, 692 S.W.2d 740, 744 (Tex. App.—Fort Worth 1985, no writ). Texas law also requires an alleged assignee of a contract to come forward with evidence of the assignment. *See Skipper v. Chase Manhattan Bank USA, N.A.*, No. 09-05-196 CV, 2006 WL 668581, at *1 (Tex. App.—Beaumont, 2006, no. pet. hist.) (citing cases). Therefore, Roundup has the burden of proving the validity of its underlying claim, which, under Texas law, requires (1) proof of an enforceable credit card agreement between the Debtor and the original creditor, and (2) proof of any subsequent assignment of rights under that agreement to Roundup.

Roundup's original proofs of claim are woefully insufficient to establish the enforceability of Roundup's claims under Texas law. Proofs of Claim 5 and 6 are simply bald allegations that certain credit card accounts were ultimately assigned to Roundup without any evidence to establish (a) that there was an enforceable agreement between the Debtor and the original credit-card issuer; (b) the accounts in question are actually in the Debtor's name; or (c) Roundup is the current holder of the accounts. [Findings of Fact No. 3 & 4.] Roundup cannot establish the validity of its claims by a preponderance of the evidence without offering any evidence. Therefore, Claims 5 and 6 should

19

be disallowed.

2.    **Validity of Roundup's Amended Proof of Claim 6**

Even if the Notice and Order had not been issued, and even if this Court did not elect to apply Bankruptcy Rule 7015—and therefore Rule 15(a)(2)—pursuant to its authority under Bankruptcy Rule 9014 and § 105(a), Roundup's Amended Proof of Claim 6 would still be insufficient to establish the underlying validity of Claim 6 under Texas law.

First, because Roundup has the burden to establish the enforceability of Claim 6 pursuant to Texas law by a preponderance of the evidence, it was required to do more than simply affix documents—all of which are hearsay, as no foundation has been laid under the business records exception to the hearsay rule under Fed. R. Evid. 803(6)—to its pleadings or its amended proof of claim. Indeed, the very purpose of the April 27, 2009 hearing was to give Roundup the opportunity to come forward with evidence of its claims sufficient to establish their validity in the face of the Debtor's Objections. However, Roundup chose not to offer any evidence at the hearing and, indeed, could not even articulate that documents existed to establish that Roundup owned the debt or  that enforceable credit card agreements existed to support the accounts upon which Roundup bases its claims. [Finding of Fact No. 12.] Because there is no evidence that Roundup owns Claim 6 or that Claim 6 is enforceable, Claim 6 must be disallowed.

Second, even if Roundup had admitted the documents attached to Amended Proof of Claim 6 into evidence at the April 27, 2009 hearing, these documents do not establish that Roundup owns the accounts in question or that the accounts are based on enforceable credit card agreements executed by the Debtor.  Although Roundup attached documents to its *Response*—and *not* to Amended Proof of Claim 6—suggesting that a bundle of accounts originally held by Bank of

America (or Wells Fargo) were subsequently assigned to FIA Card Services, N.A. (or NGO Portfolio Management, Inc.) and were eventually assigned to Roundup, there is no documentation suggesting that this particular Debtor's accounts were among those transferred. [Finding of Fact No. 7.] That Roundup attached one-page, untitled, and unidentified computer printouts listing the last four digits of the applicable account number does not somehow bridge that gap. Most importantly, however, Roundup never produced any evidence of a valid credit card agreement between the Debtor and the original account holder—the essence of its claim.

Therefore, even if Roundup was permitted to amend Proof of Claim 6 despite this Court's Notice and Order and despite this Court's election to apply Bankruptcy Rule 7015 to proof of claim disputes, Roundup has offered no evidence to prove the underlying validity of Claim 6 under Texas law. And, even in the event that Roundup had properly offered the attachments to Amended Proof of Claim 6 and the Response at the hearing, these documents would still be insufficient to prove the existence of a valid and enforceable contract between the Debtor and the original account holder and that Roundup is the current owner and holder of the accounts in question. Roundup might have avoided having to establish the validity of its claims by a preponderance of the evidence if it had attached all of these documents to its initial proofs of claim, but it chose not to do so. *See In re Gilbreath*, 395 B.R. at 368 ("The point is this: had eCast correctly filed its original proofs of claim, it could have availed itself of prima facie validity, shifted the evidentiary burden to the Debtors, and avoided the strictures and equitable balancing of the post-objection amendment process.")

### D. Sanctions Against Roundup and Gill, its Counsel of Record

A bankruptcy court's power to impose sanctions upon a party or its attorney derives from Federal Rule of Bankruptcy Procedure 9011 and its role as guardian of the integrity of the bankruptcy

process. *See, e.g., Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 356 n.1 (5th Cir. 2008) (noting that Bankruptcy Rule 9011 and 11 U.S.C. § 105 provide "mechanisms to impose sanctions on parties who may attempt to abuse the procedural mechanisms within the bankruptcy court"). Under 11 U.S.C. § 105, a bankruptcy court has the power to issue sanctions against parties and their attorneys to effectuate the provisions of the Bankruptcy Code. *See In re Volpert*, 110 F.3d 494, 500-01 (7th Cir. 1997); *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine)*, 77 F.3d 278, 283-84 (9th Cir. 1996); *In re Courtesy Inns, Ltd., Inc.*, 40 F.3d 1084, 1089 (10th Cir. 1994). Additionally, this Court may impose sanctions pursuant to 28 U.S.C. § 1927 by requiring attorneys to pay excess costs attributable to their misconduct. *See, e.g., Bishop v. W. Fid. Mktg., Inc. (In re W. Fid. Mktg., Inc.)*, No. 4:01-MC-0020-A, 2001 WL 34664165, at *22 (N.D. Tex. June 26, 2001) (determining that bankruptcy courts are "courts of the United States" that may award sanctions pursuant to 28 U.S.C. § 1927).

This Court also has the inherent power to police the conduct of litigants and attorneys who appear before it. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991); *see also Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 888 (5th Cir. 1968) ("The inherent power of a court to manage its affairs necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it."). This Court has previously noted that "a federal court's inherent power to sanction bad faith conduct serves the dual purpose of covering the gaps where there are no applicable rules and also covering situations where 'neither the statute nor the Rules are up to the task.'" *In re Cochener*, 360 B.R. 542, 570 (Bankr. S.D. Tex. 2007), *aff'd in part, rev'd in part*, 382 B.R. 311 (S.D. Tex. 2007), *rev'd*, No. 08-20048, 2008 WL 4681579 (5th Cir. Oct. 23, 2008) (quoting *Chambers v. NASCO*, 501 U.S. 32, 50 (1991)) ("The bankruptcy court acted well

22

within its authority to enforce the integrity of the process by policing the accuracy of debtors' schedules and representations to the court."). The imposition of sanctions to control attorney misconduct "transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of 'vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.'" *Chambers*, 501 U.S. at 46 (citations omitted). Accordingly, a court may sanction an attorney for violating the local rules, even if the violation was not committed wilfully. *See Barbosa v. County of El Paso*, No. 97-51098, 1998 WL 648596, at *2 n.1 (5th Cir. 1998) (unpublished) ("Only a violation of a requirement of form must be willful before the court may sanction the party; a court may sanction any other violation of its local rules even if nonwillful."); *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 520-21 (9th Cir. 1983).

An attorney's misconduct may also be imputed to his law firm. *See, e.g., In re Parsley*, 384 B.R. 138, 182 (Bankr. S.D. Tex. 2008) (holding that it may be appropriate to impose responsibility for an attorney's misconduct on his law firm). Additionally, the Supreme Court has recognized that counsel of record for a party may be sanctioned for the actions or inactions of the substitute counsel it sends to represent its client at hearings. *See Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120, 125 (1989). The Eleventh Circuit, when faced with a similar situation to the one at bar—i.e. where counsel of record sent substitute counsel to represent the client at a hearing—held as follows:

> Levin asserts that he turned over responsibility for representing Simmons to his associate, Horkitz, and that Horkitz was responsible for the discovery abuse for which he is now being sanctioned. This argument is unavailing. As counsel of record, Levin owed a duty to his client fully to represent his interests, and he owed a duty to the court to comply with the court's orders. Although Levin may have delegated

some of these duties to his associate, such a delegation-while it may provide a ground for sanctioning Horkitz-did not relieve Levin of his own duties. We find that the record fully supports the district court's determination that Simmons was an "advising" attorney and therefore hold that the district court did not abuse its discretion when it held Levin liable for sanctions . . . .

*Stuart I. Levin & Assocs., P.A. v. Rogers*, 156 F.3d 1135, 1141 (11th Cir. 1998).

As discussed above, this Court may sanction a party or its attorney for violating the Local Rules of the United States District Court for the Southern District of Texas (the Local Rules)—which also apply to the Bankruptcy Courts in this District, *see* Bankruptcy Local Rule 1001(b)—even if such violation is not willful. Additionally, Appendix A of the Local Rules states that "the minimum standard of practice shall be the Texas Disciplinary Rules of Professional Conduct" (the Texas Disciplinary Rules) and that "[v]iolation of the Texas Disciplinary Rules of Professional Conduct shall be grounds for disciplinary action, but the court is not limited by that code." This Court believes that Roundup's conduct and the conduct of Gill, its counsel of record, with respect to this dispute violate provisions of the Local Rules and the Texas Disciplinary Rules and, therefore, warrant the imposition of sanctions in the form of paying the Debtor's attorney's fees.[10]

Local Rule 11.2 provides that "[t]he attorney-in-charge . . . shall attend all court proceedings or send a *fully informed* attorney with authority to bind the client." (emphasis added). Additionally,

---

[10] Courts are vested with a large measure of discretion in applying and enforcing local rules. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990) ("We recognize that district courts have considerable latitude in applying their own rules."); *Hernandez v. George*, 793 F.2d 264, 266 (10th Cir. 1986) (recognizing that "district courts have discretion in applying local rules" and that "[c]onsiderable deference is accorded to the district court's interpretation and application of their own rules of practice and procedure"); *Silberstein v. IRS*, 16 F.3d 858, 860 (8th Cir. 1994) ("[T]he district court has considerable leeway in the application of its local rules."). Indeed, the First Circuit has acknowledged that "[r]ules of procedure are vitally important in judges' efforts to manage burgeoning caseloads with some semblance of efficiency. Within wide limits, it is for courts, not litigants, to decide what rules are desirable and how rigorously to enforce them." *Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.*, 26 F.3d 220, 224 (1st Cir. 1994). Indeed, that same court determined that "[s]uch rules carry the force of law." *Id.* (citing 12 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3153 (1973)).

Texas Disciplinary Rule 1.01 requires that an attorney provide competent and diligent representation to his or her clients.  Texas Disciplinary Rule 1.01(a) provides that "[a] lawyer shall not accept or continue employment in a legal matter which the lawyer knows or should know is beyond the lawyer's competence."  Comment 1 to this rule provides that "[c]ompetence is defined in Terminology as possession of the legal knowledge, skill, and training reasonably necessary for the representation. Competent representation contemplates appropriate application by the lawyer of that legal knowledge, skill and training, *reasonable thoroughness in the study and analysis of the law and facts, and reasonable attentiveness to the responsibilities owed to the client*." (emphasis added). Finally, Texas Disciplinary Rule 3.03 requires that attorneys exhibit candor when appearing or making written submissions to the court.  Texas Disciplinary Rule 3.03(a)(4) provides that a lawyer shall not knowingly "fail to disclose to the tribunal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."  The comments to this rule provide that "[a] lawyer is not required to make a disinterested exposition of the law, but *should recognize the existence of pertinent legal authorities*. Furthermore, as stated in paragraph (a)(4), *an advocate has a duty to disclose directly adverse authority in the controlling jurisdiction which has not been disclosed by the opposing party*." (emphasis added).

This Court can think of no legal authority more pertinent to the dispute at bar than the published opinion it issued in *Gilbreath* and the opinion of District Judge Miller in *Tran*—two recent and highly pertinent opinions from this District on proof of claim objections and Bankruptcy Rule 3001.  It is highly troubling that neither of these two opinions were discussed in Roundup's Response.  Even more troubling—and particularly relevant to the "knowingly" requirement in Texas Disciplinary Rule 3.03—is that nearly every other published opinion that discusses Bankruptcy Rule

3001 from nearly every circuit throughout the country is cited and discussed in Roundup's Response to the Objection.  It is unfathomable to this Court that counsel for Roundup's legal research turned up opinions from the First, Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits, including a highly recent unpublished opinion from the Bankruptcy Court for the Eastern District of Pennsylvania, but not the opinions from this Court or the District Court for the Southern District of Texas.  As this Court stated on the record at the April 27, 2009 hearing, these undisclosed cases (which, incidentally, are adverse to Roundup's position) are "conspicuous by their absence."

These omissions, when coupled with MacNaughton's paltry knowledge about Roundup's claims, the documents supporting them, and the chain of title with respect to the accounts purportedly held by Roundup, [Finding of Fact No. 12], violate the Local Rules and the Texas Disciplinary Rules, and are therefore grounds for sanctions against Roundup and its counsel of record.  Gill, as the attorney-in-charge for Roundup, violated Local Rules by failing to send a "fully informed" attorney to the April 27, 2009 hearing.  *See* Local Rule 11.2.  The Debtor has expended considerable sums for his counsel to prepare and prosecute the Objections.  These costs were incurred as a direct result of Roundup's failure to comply with Bankruptcy Rule 3001, its failure to review applicable case law from this District, and the failure of its attorney of record, Gill, to send a fully informed attorney to the April 27, 2009 hearing.

This Court concludes that Roundup and Gill should bear the Debtor's costs incurred in preparing and filing the Objections and appearing at the April 27, 2009 hearing.  This Court further concludes that Smith's fee is reasonable compensation for the services he rendered in objecting to Roundup's proofs of claim and that Smith's $350.00 hourly rate is reasonable, given that Smith has practiced law for over twenty-five years and is board certified in consumer bankruptcy law.

## IV. CONCLUSION

For the reasons set forth above and for the reasons stated on the record at the April 27, 2009 hearing, this Court concludes that the Debtor's Objections should be sustained and that Claim 5 and Claim 6 should be disallowed. Roundup failed to comply with Bankruptcy Rule 3001 when filing Proofs of Claim 5 and 6, and the Debtor's Objections placed the burden on Roundup to introduce evidence to support its claims at the hearing. Because Roundup failed to introduce any exhibits or adduce any testimony, this Court must disallow Claim 5 and 6 pursuant to § 502(b). *See In re Foreclosure Cases*, 2007 WL 3232430, at *3 n.3 (N.D. Ohio 2007) ("Unlike the focus of financial institutions, the federal courts must act as gatekeepers, assuring that only those who meet [certain requirements] are allowed to pass through."). In effect, Roundup wants this Court to disregard the rules of evidence and allow its claims. This, the Court will not do.

Additionally, Roundup's conduct—or the conduct of MacNaughton, which may properly be imputed to Gill, as Roundup's counsel of record—warrants the imposition of sanctions in the form of attorneys' fees. It is not one particular incident, but many compounded instances of misconduct that have led this Court to conclude that sanctions are appropriate. Roundup did not bother to attach the exhibits attached to its Response to its original proofs of claim; it neglected to review this Court's or the District Court's recently published opinions that were precisely on point with respect to the issues being addressed herein; it neglected to review this Court's Notice and Order before amending Proof of Claim 6; and it filed a Response to the Debtor's Objections that not only confuses the facts, but also ignores the applicable law in this District. Roundup's lack of competence and diligence is compounded by the fact that Gill, in violation of Local Rule 11.2, sent an attorney with virtually no knowledge of the Debtor's case or Roundup's file to the hearing on the Objections. This

27

Court is very concerned with the conduct of Roundup and its counsel of record in this case and hopes that both exercise more care and diligence in the future in cases before this Court.  The purpose of the sanctions issued against Roundup and Gill, its counsel of record, is to compensate the Debtor for the time his counsel spent preparing and filing written objections to two proofs of claim that clearly fail to comply with Bankruptcy Rule 3001 and for having to appear at the April 27, 2009 hearing for which counsel for Roundup was grossly unprepared.

An order consistent with this Memorandum Opinion was entered on the docket on May 27, 2009.  [Docket No. 63.]

Signed on this 12th day of June, 2009

Jeff Bohm
United States Bankruptcy Judge

EXHIBIT No. _____A_____

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF TEXAS AT HOUSTON | PROOF OF CLAIM |
|---|---|

| Name of Debtor: **DONALD G. DEPUGH** | Case Number: **08-37521**<br>Ch 13 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>**Roundup Funding, LLC**<br><br>Name and address where notices should be sent:<br><br>**Roundup Funding, LLC**<br>**MS 550**<br>**PO Box 91121**<br>**Seattle, WA 98111-9221**<br><br>Telephone number: **(866) 670-2361** | [] Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | [] Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>[] Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**        **$19,073.04**<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>[ ] Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:** Unsecured Account<br>(See instruction #2 on reverse side.) | [] Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3. Last four digits of any number by which creditor identifies debtor:** XX59G5<br><br>   **3a. Debtor may have scheduled account as:** WELLS FARGO<br>       (See instruction #3a on reverse side.) | [] Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>   Nature of property or right of setoff:   [ ] Real Estate   [ ] Motor Vehicle   [ ] Other<br>   Describe:<br><br>   Value of Property: $_____  Annual Interest Rate ____%<br><br>   Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>   If any: $_____   Basis for perfection: _____<br><br>   Amount of Secured Claim: $_____   Amount Unsecured: $_____ | [] Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>[] Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>[] Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: **SEE ATTACHMENT(S)** | [] Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).<br><br>**Amount entitled to priority:**<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date: 12/30/2008 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>/s/<br>/s/ STEVEN G. KANE<br>Authorized Agent for Roundup Funding, LLC<br>E-MAIL: BLINE.CHAPTER13@BLINELLC.COM | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ACCOUNT INFORMATION

| | |
|---|---|
| Debtor(s) Name: | DEPUGH, DON |
| Debtor(s) SSN: | XXX-XX-9751 |
| Account Number: | XX59G5 |
| Creditor Name: | Roundup Funding, LLC |
| Related Account Number: | XXXXXXXXXXXX7777 |
| Assignor: | NCO Portfolio Management, Inc. |
| Original Creditor: | WELLS FARGO |
| Open Date: | 03/16/2004 |
| Charge Off Date: | 07/31/2006 |
| Balance as of Filing: | $19,073.04 |
| Basis for Claim: | Unsecured Account |

## CASE INFORMATION

| | |
|---|---|
| Case Number: | 08-37521 |
| Bankruptcy Filing Date: | 11/25/2008 |
| Current Chapter: | 13 |
| Court District: | SOUTHERN DISTRICT OF TEXAS |
| Court City: | HOUSTON |
| Trustee: | DAVID G PEAKE |
| Counsel for Debtor(s): | JOHN ERNEST SMITH |
| Counsel Address: | 2190 NORTH LOOP W STE 101 |
| | HOUSTON, TX 77018-8007 |

Pursuant to Instruction 7, above is a redacted version of the information contained in the computer files documenting the account.

This information substantially conforms to 11 U.S.C. § 501, Federal Bankruptcy Rule 3001 and the Instructions to Form B10. *See, e.g., In re Irons,* 343 B.R. 32, 39 (Bankr. N.D. NY 2006); *In re Lapsansky,* 2006 WL 3859243 (Bankr. E.D. Pa. 2006); *In re Burkett,* 329 B.R. 820 (Bankr. S.D. Ohio 2005); *In re Habiballa,* 337 B.R. 911 (Bankr. E.D. Wis. 2006); *In re Relford,* 323 B.R. 669 (Bankr. S.D. Ind. 2004); *In re Heath,* 331 B.R. 424 (9th Circuit BAP 2005); *In re Moreno,* 341 B.R. 813 (Bankr. S.D. Fla. 2006); *In re Shank,* 315 B.R. 799 (Bankr. N.D. Ga. 2004); *In re Shaffner,* 320 B.R. 870, 876 (Bankr. W.D. Mich. 2005); *In re Dove-Nation,* 318 B.R. 147 (8th Cir. BAP 2004); *In re Guidry,* 321 B.R.712, 719 (Bankr. N.D. Ill 2005); *In re Kirkland,* 379 B.R. 341 (10th Cir. BAP 2007); *In re Simms,* 2007 WL 4468682 (Bankr. N.D. W.Va. 2007).



EXHIBIT No. __B__

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF TEXAS AT HOUSTON | PROOF OF CLAIM |
|---|---|

| Name of Debtor: **DONALD G. DEPUGH** | Case Number: **08-37521**<br>**Ch 13** |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>**Roundup Funding, LLC**<br><br>Name and address where notices should be sent:<br><br>**Roundup Funding, LLC**<br>**MS 550**<br>**PO Box 91121**<br>**Seattle, WA 98111-9221**<br><br>Telephone number: **(866) 670-2361** | [ ] Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>*(If known)*<br><br>Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | [ ] Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>[ ] Check this box if you are the debtor or trustee in this case. |

| 1. **Amount of Claim as of Date Case Filed:**        **$32,283.66**<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>[ ] Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | 5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim. |
|---|---|
| 2. **Basis for Claim:** Credit Card<br>(See instruction #2 on reverse side.) | [ ] Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 3. **Last four digits of any number by which creditor identifies debtor:** XXXXXXXXX8548<br><br>   3a. Debtor may have scheduled account as: FIA Card Services NA aka Bank of America<br>      (See instruction #3a on reverse side.) | [ ] Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| 4. **Secured Claim** (See instruction #4 on reverse side.)<br>   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>   **Nature of property or right of setoff:**  [ ] Real Estate   [ ] Motor Vehicle   [ ] Other<br>   **Describe:**<br><br>   **Value of Property: $**_____ **Annual Interest Rate** ____%<br><br>   Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>   **if any: $**_____ **Basis for perfection:** _____<br><br>   **Amount of Secured Claim: $**_____ **Amount Unsecured: $**_____ | [ ] Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>[ ] Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>[ ] Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| 6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: **SEE ATTACHMENT(S)** | [ ] Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).<br><br>**Amount entitled to priority:**<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date: 12/31/2008 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>/s/ SC<br>STEVEN G. KANE<br>Authorized Agent for  Roundup Funding, LLC<br>E-MAIL: BLINE.CHAPTER13@BLINELLC.COM | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ACCOUNT INFORMATION

| | |
|---|---|
| Debtor(s) Name: | DEPUGH, DON G |
| Debtor(s) SSN: | XXX-XX-9751 |
| Account Number: | XXXXXXXXXX8548 |
| Creditor Name: | Roundup Funding, LLC |
| Assignor: | FIA Card Services NA aka Bank of America |
| Open Date: | 03/26/2004 |
| Last Payment Date: | 01/09/2006 |
| Charge Off Date: | 09/29/2006 |
| Balance as of Filing: | $32,283.66 |
| Basis for Claim: | Credit Card |

## CASE INFORMATION

| | |
|---|---|
| Case Number: | 08-37521 |
| Bankruptcy Filing Date: | 11/25/2008 |
| Current Chapter: | 13 |
| Court District: | SOUTHERN DISTRICT OF TEXAS |
| Court City: | HOUSTON |
| Trustee: | DAVID G PEAKE |
| Counsel for Debtor(s): | JOHN ERNEST SMITH |
| Counsel Address: | 2190 NORTH LOOP W STE 101 |
| | HOUSTON, TX 77018-8007 |

Pursuant to Instruction 7, above is a redacted version of the information contained in the computer files documenting the account.

This information substantially conforms to 11 U.S.C. § 501, Federal Bankruptcy Rule 3001 and the Instructions to Form B10. *See, e.g., In re Irons,* 343 B.R. 32, 39 (Bankr. N.D. NY 2006); *In re Lapsansky,* 2006 WL 3859243 (Bankr. E.D. Pa. 2006); *In re Burkett,* 329 B.R. 820 (Bankr. S.D. Ohio 2005); *In re Habiballa,* 337 B.R. 911 (Bankr. E.D. Wis. 2006); *In re Relford,* 323 B.R. 669 (Bankr. S.D. Ind. 2004); *In re Heath,* 331 B.R. 424 (9th Circuit BAP 2005); *In re Moreno,* 341 B.R. 813 (Bankr. S.D. Fla. 2006); *In re Shank,* 315 B.R. 799 (Bankr. N.D. Ga. 2004); *In re Shaffner,* 320 B.R. 870, 876 (Bankr. W.D. Mich. 2005); *In re Dove-Nation,* 318 B.R. 147 (8th Cir. BAP 2004); *In re Guidry,* 321 B.R.712, 719 (Bankr. N.D. Ill 2005); *In re Kirkland,* 379 B.R. 341 (10th Cir. BAP 2007); *In re Simms,* 2007 WL 4468682 (Bankr. N.D. W.Va. 2007).



EXHIBIT No. ___C___

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF TEXAS AT HOUSTON | PROOF OF CLAIM |
|---|---|

| Name of Debtor:  **DONALD G. DEPUGH** | Case Number:  08-37521 JB  CH 13 |

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):  **Roundup Funding, LLC** | ☒ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:  **Roundup Funding, LLC**  **Mail Stop 550**  **PO Box 91121**  **Seattle, WA  98111-9221**  Telephone Number:  **(866) 670-2361** | **Court Claim Number:** 6  *(If known)*  Filed on: 01/27/2009 |
| Name and address where payment should be sent (if different from above):  Telephone Number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.  ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1.  Amount of Claim as of Date Case Filed:**          **$34,991.94**  If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.  If all or part of your claim is entitled to priority, complete item 5.  ☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attached itemized statement of interest or charges. | **5.  Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**  Specify the priority of the claim.  ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2.  Basis for Claim:** Credit Card  (See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **3.  Last four digits of any number by which creditor identifies debtor: XXXX-XXXX-XXXX-8548**  **3a. Debtor may have scheduled account as:** FIA Card Services NA aka Bank of America  (See instruction #3a on reverse side.) | |
| **4.  Secured Claim** (See instruction #4 on reverse side.)  Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.  **Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other  Describe:  **Value of Property: $_____        Annual Interest Rate _____%**  **Amount of arrearage and other charges as of time case filed included in secured claim,**  **if any: $_____     Basis for perfection: _____**  **Amount of Secured Claim: $_____     Amount Unsecured $_____** | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).  ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507(a)(7).  ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507(a)(8). |
| **6.  Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(_). |
| **7.  Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*  DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.  If the documents are not available, please explain: **SEE ATTACHMENT(S)** | **Amount entitled to priority:**  **$_____**  *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| | FOR COURT USE ONLY |
|---|---|
| Date: **4/22/2009**     **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.    /s/ Steven G. Kane  STEVEN G. KANE  Authorized agent for Roundup Funding, LLC  E-MAIL: BLINE.CHAPTER13@BLINELLC.COM | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ACCOUNT INFORMATION

| | |
|---|---|
| Debtor(s) Name: | DON DEPUGH |
| Debtor(s) SSN: | XXX-XX-9751 |
| Account Number: | XXXX-XXXX-XXXX-8548 |
| Creditor Name: | Roundup Funding, LLC |
| Related Account Number: | XXXXXXXXXXXX5261 |
| Assignor: | FIA Card Services NA aka Bank of America |
| Open Date: | 3/26/2004 |
| Charge Off Date: | 9/29/2006 |
| Basis for Claim: | Credit Card |

## CASE INFORMATION

| | |
|---|---|
| Case Number: | 08-37521 |
| Current Chapter: | 13 |
| Court District: | SOUTHERN DISTRICT OF TEXAS |
| Court City: | HOUSTON |
| Trustee: | DAVID G PEAKE |
| Counsel for Debtor(s): | JOHN ERNEST SMITH |
| Counsel Address: | 2190 NORTH LOOP W STE 101 |
| | HOUSTON, TX  77018-8007 |

Pursuant to Instruction 7, above is a redacted version of the information contained in the computer files documenting the account.

This information substantially conforms to 11 U.S.C. § 501, Federal Bankruptcy Rule 3991 and the Instructions to Form B10. *See, e.g., In re Irons,* 343 B.R. 32, 39 (Bankr. N.D. NY 2006); *In re Lapsansky,* 2006 WL 3859243 (Bankr. E.D. Pa. 2006); *In re Burkett,* 329 B.R. 820 (Bankr. S.D. Ohio 2005); *In re Habiballa,* 337 B.R. 911 (Bankr. E.D. Wis. 2006); *In re Relford,* 323 B.R. 669 (Bankr. S.D. Ind. 2004); *In re Heath,* 331 B.R. 424 (9th Circuit BAP 2005); *In re Moreno,* 341 B.R. 813 (Bankr. S.D. Fla. 2006); *In re Shank,* 315 B.R. 799 (Bankr. N.D. Ga. 2004); *In re Shaffner,* 320 B.R. 870, 876 (Bankr. W.D. Mich. 2005); *In re Dove-Nation,* 318 B.R. 147 (8th Cir. BAP 2004); *In re Guidry,* 321 B.R.712, 719 (Bankr. N.D. Ill 2005); *In re Kirkland,* 379 B.R. 341 (10th Cir. BAP 2007); *In re Simms,* 2007 WL 4468682 (Bankr. N.D. W.Va. 2007).

Debtor(s):                    Don Depugh
Account:                      ...x5261/...x8548
Date of Bankruptcy:           6/30/2008
Case No.:                     08-37521

Charge-Off Date:              10/28/2006
Charge-Off  Balance:          $27,332.69
Interest Rate:                     0.1674

**Simple Interest Calculation**
Charge-Off Balance:               $27,332.69
Daily Interest Rate:          x    0.0004586
Days Between Charge-Off & BK: x           611
**Total Amount of Interest:**      **$7,659.25**

Charge-Off Amount                 $27,332.69
Interest                      +    $7,659.25
**Total Claim Amount**             **$34,991.94**



## MBNA America

**CUSTOMER SINCE 2004**

| ACCOUNT NUMBER | |
|---|---|
| | 5 261 |

| PAYMENT DUE DATE | NEW BALANCE TOTAL |
|---|---|
| 01/03/06 | $24,091.65 |

| TOTAL MINIMUM PAYMENT DUE | AMOUNT ENCLOSED |
|---|---|
| $524.00 | |

Make check payable to:
MBNA AMERICA
P.O. BOX 15286
WILMINGTON, DE 19886-5286

04

DON G DEPUGH
18 DOVE TRACE CIR
THE WOODLANDS    TX   77382-258418

:5261
:5261

| ACCOUNT NUMBER | CREDIT LINE | CASH OR CREDIT AVAILABLE | DAYS IN CYCLE | CLOSING DATE | TOTAL MINIMUM PAYMENT DUE | PAYMENT DUE DATE |
|---|---|---|---|---|---|---|
| :5 261 | $25,000 | | 30 | 12/02/05 | $524.00 | 01/03/06 |

| POSTING DATE | TRANS DATE | REFERENCE NUMBER | CARD TYPE | CAT | TRANSACTIONS DECEMBER 2005 STATEMENT | CHARGES | CREDITS (CR) |
|---|---|---|---|---|---|---|---|
| | | | | | PAYMENTS AND CREDITS | | |
| 1201 | | 33544652154 | | | PAYMENT - THANK YOU | | 524.00 CR |
| | | | | | TOTAL FOR BILLING CYCLE FROM 11/03/2005 THROUGH 12/02/2005 | $.00 | $524.00 CR |

### IMPORTANT NEWS

HAPPY HOLIDAYS!
YOU HAVE OPEN AND AVAILABLE CREDIT! WRITE ONE OF THE ENCLOSED CHECKS TODAY!

GET CASH NOW! CALL 1-800-205-5749 TO HAVE FUNDS DEPOSITED INTO
YOUR CHECKING ACCOUNT TODAY!

LOOKING TO SAVE ON YOUR AUTO LOAN? WHETHER IT'S A NEW LOAN OR REFINANCING AN
EXISTING ONE, VISIT WWW.MBNA.COM/LOANS TO SEE HOW YOU COULD SAVE!

**SUMMARY OF TRANSACTIONS**

| Previous Balance | - Payments and Credits | + Advances | + Other Charges | + Periodic Rate Finance Charges | + Transaction Fee Finance Charges | = New Balance Total |
|---|---|---|---|---|---|---|
| $24,304.75 | $524.00 | $0.00 | $0.00 | $310.90 | $0.00 | $24,091.65 |

| TOTAL MINIMUM PAYMENT DUE | |
|---|---|
| Past Due Amount | $0.00 |
| Current Payment | $524.00 |
| Total Min Payment Due | $524.00 |

| FINANCE CHARGE SCHEDULE Category | Periodic Rate | Corresponding Annual Percentage Rate | Balance Subject to Finance Charges |
|---|---|---|---|
| Cash Advances | | | |
| A. ADVANCES......... | .042438% DLY* | 15.49% | $24,319.97 |
| B. ADVANCES......... | .042438% DLY* | 15.49% | $0.00 |
| C. OTHER CHARGES...... | .042438% DLY* | 15.49% | $99.99 |
| D. OTHER BALANCES...... | .000000% DLY* | 00.00% | $0.00 |

| FOR THIS BILLING PERIOD ANNUAL PERCENTAGE RATE... (Includes Periodic Rate And Transaction Fee Finance Charges) | 15.49% |
|---|---|

**FOR YOUR SATISFACTION, EVERY HOUR, EVERY DAY**
- For our automated Direct Connect service, call
  1-800-448-7061
- To speak to one of our Customer Satisfaction representatives,
  call   1-800-448-7061
- For TDD (Telecommunications Device for the Deaf)
  assistance, call
  1-877-850-6631
- Billing rights are preserved only by written inquiry.
  Mail billing inquiries and all other account inquiries to:
  MBNA AMERICA P.O. BOX 15027
  WILMINGTON, DE 19850-5027

THIS DOCUMENT IS A COPY OF YOUR STATEMENT. IT IS FOR
YOUR RECORDS ONLY. THIS COPY IS NOT AN EXACT DUPLICATE
AND MAY NOT INCLUDE MESSAGES WHICH APPEAR IN THE
IMPORTANT NEWS BLOCK ON YOUR ORIGINAL PERIODIC STATEMENT.

*PERIODIC RATE MAY VARY

PAGE 1 OF 1

# MBNA America

**CUSTOMER SINCE**
**2004**

| ACCOUNT NUMBER | |
|---|---|
| | 5 261 |

| PAYMENT DUE DATE | NEW BALANCE TOTAL |
|---|---|
| 02/01/06 | $24,485.88 |

| TOTAL MINIMUM PAYMENT DUE | AMOUNT ENCLOSED |
|---|---|
| $1,048.00 | |

Make check
payable to:

MBNA AMERICA                    04
P.O. BOX 15102
WILMINGTON, DE 19886-5102

DON G DEPUGH
18 DOVE TRACE CIR
THE WOODLANDS    TX   77382-258418

S 0023991000023681370000000000000000002448
S 0000100650000045000000000000000000002448

| ACCOUNT NUMBER | CREDIT LINE | CASH OR CREDIT AVAILABLE | DAYS IN CYCLE | CLOSING DATE | TOTAL MINIMUM PAYMENT DUE | PAYMENT DUE DATE |
|---|---|---|---|---|---|---|
| 5 261 | $25,000 | | 33 | 01/04/06 | $1,048.00 | 02/01/06 |

| POSTING DATE | TRANS DATE | REFERENCE NUMBER | CARD TYPE | CAT | TRANSACTIONS | CHARGES | CREDITS (CR) |
|---|---|---|---|---|---|---|---|
| | | | | | **JANUARY 2006 STATEMENT** | | |
| | | | | | OTHER CHARGES | | |
| 0104 | 0104 | 0024091 | C | | LATE FEE FOR PAYMENT DUE 01/03 | 49.00 | $.00 |
| | | | | | TOTAL FOR BILLING CYCLE FROM 12/03/2005 THROUGH 1/04/2006 | $49.00 | |

**IMPORTANT NEWS**

HAPPY NEW YEAR!
ACCESS QUICK CASH! WRITE ONE OF THE ENCLOSED CHECKS TODAY!

WE WANT TO MAKE SURE YOU ARE AWARE THAT WE HAVE NOT RECEIVED YOUR PAYMENT.
PLEASE SEND THE AMOUNT DUE TODAY. IF IT HAS BEEN MAILED, THANK YOU.

LOOKING TO CONSOLIDATE SOME OF THAT HOLIDAY DEBT, OR PLAN A GET-A-WAY?
ACCESS QUICK CASH! CALL 1-800-205-5749 FOR A DIRECT DEPOSIT. IT'S THAT EASY!

**SUMMARY OF TRANSACTIONS**

| Previous Balance | - Payments and Credits | + Advances | + Other Charges | + Periodic Rate Finance Charges | + Transaction Fee Finance Charges | = New Balance Total |
|---|---|---|---|---|---|---|
| $24,091.65 | $0.00 | $0.00 | $49.00 | $345.23 | $0.00 | $24,485.88 |

**TOTAL MINIMUM PAYMENT DUE**

| Past Due Amount | $524.00 |
|---|---|
| Current Payment | $524.00 |
| Total Min Payment Due | $1,048.00 |

| FINANCE CHARGE SCHEDULE Category | Periodic Rate | Corresponding Annual Percentage Rate | Balance Subject to Finance Charges |
|---|---|---|---|
| Cash Advances | | | |
| A. ADVANCES......... | .043123% DLY* | 15.74% | $24,157.27 |
| B. ADVANCES......... | .043123% DLY* | 15.74% | $0.00 |
| C. OTHER CHARGES...... | .043123% DLY* | 15.74% | $102.83 |
| D. OTHER BALANCES...... | .000000% DLY* | 00.00% | $0.00 |

| FOR THIS BILLING PERIOD **ANNUAL PERCENTAGE RATE . . .** [Includes Periodic Rate And Transaction Fee Finance Charges] | **15.74%** |
|---|---|

**FOR YOUR SATISFACTION, EVERY HOUR, EVERY DAY**
- For our automated Direct Connect service, call
  1-800-448-7061
- To speak to one of our Customer Satisfaction representatives, call   1-800-448-7061
- For TDD (Telecommunications Device for the Deaf) assistance, call
  1-877-850-6631
- Billing rights are preserved only by written inquiry.
  Mail billing inquiries and all other account inquiries to:
  MBNA AMERICA P.O. BOX 15027
  WILMINGTON, DE 19850-5027

THIS DOCUMENT IS A COPY OF YOUR STATEMENT. IT IS FOR
YOUR RECORDS ONLY. THIS COPY IS NOT AN EXACT DUPLICATE
AND MAY NOT INCLUDE MESSAGES WHICH APPEAR IN THE
IMPORTANT NEWS BLOCK ON YOUR ORIGINAL PERIODIC STATEMENT.

*PERIODIC RATE MAY VARY
PAGE 1 OF 1

# MBNA America

| | |
|---|---|
| | ACCOUNT NUMBER |
| | 5 261 |
| CUSTOMER SINCE 2004 | PAYMENT DUE DATE: 03/01/06 — NEW BALANCE TOTAL: $23,749.75 |
| | TOTAL MINIMUM PAYMENT DUE: $524.00 — AMOUNT ENCLOSED |

Make check payable to:

MBNA AMERICA
P.O. BOX 15286
WILMINGTON, DE 19886-5286          04

DON G DEPUGH
18 DOVE TRACE CIR
THE WOODLANDS   TX  77382-258418

S  0024334770023681370000000000000000000237
S  0000151110000045000000000000000000000000I

| ACCOUNT NUMBER | CREDIT LINE | CASH OR CREDIT AVAILABLE | DAYS IN CYCLE | CLOSING DATE | TOTAL MINIMUM PAYMENT DUE | PAYMENT DUE DATE |
|---|---|---|---|---|---|---|
| 5 261 | $25,000 | | 29 | 02/02/06 | $524.00 | 03/01/06 |

### FEBRUARY 2006 STATEMENT

| POSTING DATE | TRANS DATE | REFERENCE NUMBER | CARD | CAT TYPE | TRANSACTIONS | CHARGES | CREDITS (CR) |
|---|---|---|---|---|---|---|---|
| | | | | | PAYMENTS AND CREDITS | | |
| 0109 | | 00999904961 | | | EXPRESS PAYMENT - THANK YOU | | 1,048.00 CR |
| | | | | | OTHER CHARGES | | |
| 0109 | 0109 | 009AJ052089 | C | | EXPRESS PAYMENT CHECK FEE | 15.00 | |
| | | | | | TOTAL FOR BILLING CYCLE FROM 1/05/2006 THROUGH 2/02/2006 | $15.00 | $1,048.00 CR |

## IMPORTANT NEWS

GET EASY ACCESS TO THE CASH YOU NEED. USE THE ENCLOSED CHECKS TODAY!

LOOKING TO SAVE ON YOUR AUTO LOAN? WHETHER IT'S A NEW LOAN OR REFINANCING AN
EXISTING ONE, VISIT WWW.MBNA.COM/LOANS TO SEE HOW YOU COULD SAVE!

THERE'S SO MUCH YOU WANT TO DO - EASILY ACCESS THE CASH YOU NEED TODAY!
CALL 1-800-205-5749 TODAY & HAVE FUNDS DEPOSITED INTO YOUR CHECKING ACCOUNT!

### SUMMARY OF TRANSACTIONS

| Previous Balance | - Payments and Credits | + Advances | + Other Charges | + Periodic Rate Finance Charges | + Transaction Fee Finance Charges | = New Balance Total |
|---|---|---|---|---|---|---|
| $24,485.88 | $1,048.00 | $0.00 | $15.00 | $296.87 | $0.00 | $23,749.75 |

**TOTAL MINIMUM PAYMENT DUE**

| | |
|---|---|
| Past Due Amount | $0.00 |
| Current Payment | $524.00 |
| Total Min Payment Due | $524.00 |

### FINANCE CHARGE SCHEDULE

| Category | Periodic Rate | Corresponding Annual Percentage Rate | Balance Subject to Finance Charges |
|---|---|---|---|
| Cash Advances | | | |
| A. ADVANCES.......... | .043123% DLY* | 15.74% | $23,574.11 |
| B. ADVANCES.......... | .043123% DLY* | 15.74% | $0.00 |
| C. OTHER CHARGES...... | .043123% DLY* | 15.74% | $165.02 |
| D. OTHER BALANCES..... | .000000% DLY* | 00.00% | $0.00 |

**FOR THIS BILLING PERIOD**
**ANNUAL PERCENTAGE RATE . . .**    15.74%
(Includes Periodic Rate And Transaction Fee Finance Charges)

THIS DOCUMENT IS A COPY OF YOUR STATEMENT. IT IS FOR
YOUR RECORDS ONLY. THIS COPY IS NOT AN EXACT DUPLICATE
AND MAY NOT INCLUDE MESSAGES WHICH APPEAR IN THE
IMPORTANT NEWS BLOCK ON YOUR ORIGINAL PERIODIC STATEMENT.

*PERIODIC RATE MAY VARY

PAGE 1 OF 1

**FOR YOUR SATISFACTION, EVERY HOUR, EVERY DAY**
- For our automated Direct Connect service, call
  1-800-448-7061
- To speak to one of our Customer Satisfaction representatives, call   1-800-448-7061
- For TDD (Telecommunications Device for the Deaf) assistance, call
  1-877-650-6631
- Billing rights are preserved only by written inquiry.
  Mail billing inquiries and all other account inquiries to:
  MBNA AMERICA P.O. BOX 15027
  WILMINGTON, DE 19850-5027



**MBNA**
At Your Service®

www.mbnanetaccess.com

**CUSTOMER SINCE 2004**



| ACCOUNT NUMBER | | |
|---|---|---|
| | 5 261 | |
| PAYMENT DUE DATE | NEW BALANCE TOTAL | |
| 04/02/06 | $24,091.82 | |
| TOTAL MINIMUM PAYMENT DUE | AMOUNT ENCLOSED | |
| $1,048.00 | | |

*DETACH TOP PORTION AND RETURN WITH PAYMENT*



Make check payable to:

MBNA AMERICA
P.O. BOX 15102
WILMINGTON, DE 19886-5102

For account information call 1-800-448-7061
Print change of address or new telephone number below

Address

City                                      Zip
(   )                         (   )
Home phone              Work phone

DON G DEPUGH
18 DOVE TRACE CIR
THE WOODLANDS TX  77382-258418

04    0240918200104800000000

| Account Number | Credit Line | Cash or Credit Available | Days in Billing Cycle | Closing Date | Total Minimum Payment Due | Payment Due Date |
|---|---|---|---|---|---|---|
| 5 261 | $25,000.00 | | 28 | 03/02/06 | $1,048.00 | 04/02/06 |

| Posting Date | Transaction Date | Reference Number | Category | Transactions | | Charges | Credits (CR) |
|---|---|---|---|---|---|---|---|
| | | | | **MARCH 2006 STATEMENT** | | | |
| OTHER CHARGES | | | | | | | |
| 03/02 | 03/02 | 3749 | C | LATE FEE FOR PAYMENT DUE 03/01 | * | 49.00 | $0.00 |
| | | | | TOTAL FOR BILLING CYCLE FROM 02/03/2006 THROUGH 03/02/2006 | | $49.00 | |

**IMPORTANT NEWS**

THESE CHECKS ARE YOUR TICKET TO CONVENIENCE, FLEXIBILITY, & EXTRA PURCHASING POWER. USE THEM TO GET THE CASH YOU NEED TO CONSOLIDATE DEBT OR PAY YOUR TAXES.

WE WANT TO MAKE SURE YOU ARE AWARE THAT WE HAVE NOT RECEIVED YOUR PAYMENT. PLEASE SEND THE AMOUNT DUE TODAY.  IF IT HAS BEEN MAILED, THANK YOU.

THERE'S SO MUCH YOU NEED TO DO. WHY WAIT? CALL 1-800-205-5749 AND GET THE CASH YOU NEED...TO PAY YOUR TAXES, CONSOLIDATE BILLS, OR FINISH THAT HOME PROJECT!

### SUMMARY OF TRANSACTIONS

| Previous Balance | (-) Payments and Credits | (+) Advances | (+) Other Charges | (+) Periodic Rate FINANCE CHARGES | (+) Transaction Fee FINANCE CHARGES | (=) New Balance Total |
|---|---|---|---|---|---|---|
| $23,749.75 | $0.00 | $0.00 | $49.00 | $293.07 | $0.00 | $24,091.82 |

### TOTAL MINIMUM PAYMENT DUE

| | |
|---|---|
| Past Due Amount ............... | $524.00 |
| Current Payment ............... | $524.00 |
| Total Minimum Payment Due ............... | $1,048.00 |

### FINANCE CHARGE SCHEDULE

| Category | Periodic Rate | Corresponding Annual Percentage Rate | Balance Subject to Finance Charge |
|---|---|---|---|
| A. ADVANCES ................ | 0.043808% DLY * | 15.99% | $23,721.57 |
| B. ADVANCES ................ | 0.043808% DLY * | 15.99% | $0.00 |
| C. OTHER CHARGES ................ | 0.043808% DLY * | 15.99% | $170.92 |

* Periodic Rate May Vary

• For Customer Satisfaction and up to the minute automated information including, balance, available credit, payments received, payments due, due date, payment address information, or to request duplicate statements, call 1-800-448-7061.
• For TDD (Telecommunication Device for the Deaf) assistance, call 1-877-850-6631.
• Mail payments to: MBNA AMERICA, P.O. BOX 15102, WILMINGTON, DE 19886-5102.
• Billing rights are preserved only by written inquiry. Mail billing inquiries and call account inquiries to: MBNA AMERICA, P.O. BOX 15027, WILMINGTON, DE 19850-5027.

| FOR THIS BILLING PERIOD: | |
|---|---|
| ANNUAL PERCENTAGE RATE...................... | 15.99% |

*(includes Periodic Rate and Transaction Fee Finance Charges.)*

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

USE003

6216   005 Y 6X6 0200 0000 00

PAGE 1 OF 1

7



**At Your Service**

www.mbnanetaccess.com

**CUSTOMER SINCE 2004**

| ACCOUNT NUMBER | | |
|---|---|---|
| | 5 261 | |

| PAYMENT DUE DATE | NEW BALANCE TOTAL |
|---|---|
| 05/01/06 | $24,486.23 |

| TOTAL MINIMUM PAYMENT DUE | AMOUNT ENCLOSED |
|---|---|
| $1,572.00 | |

*DETACH TOP PORTION AND RETURN WITH PAYMENT*

Make check payable to:

**MBNA AMERICA**
**P.O. BOX 15102**
**WILMINGTON, DE 19886-5102**

For account information call 1-800-448-7061
Print change of address or new telephone number below

4

**DON G DEPUGH**
**18 DOVE TRACE CIR**
**THE WOODLANDS TX  77382-258418**

Address

City                     Zip
Home phone ( )        Work phone ( )

04    024486230015720

| Account Number | | Credit Line | Cash or Credit Available | Days in Billing Cycle | Closing Date | Total Minimum Payment Due | Payment Due Date |
|---|---|---|---|---|---|---|---|
| 5 261 | | $25,000.00 | | 32 | 04/03/06 | $1,572.00 | 05/01/06 |

| Posting Date | Transaction Date | Reference Number | Category | Transactions | APRIL 2006 STATEMENT | | Charges | Credits (CR) |
|---|---|---|---|---|---|---|---|---|
| OTHER CHARGES | | | | | | | | |
| 04/03 | 04/03 | 4091 | C | LATE FEE FOR PAYMENT DUE 04/02 | | * | 49.00 | $0.00 |
| | TOTAL FOR BILLING CYCLE FROM 03/03/2006 THROUGH 04/03/2006 | | | | | | $49.00 | |

OUR RECORDS SHOW YOUR ACCOUNT IS PAST DUE

**IMPORTANT NEWS**

**SUMMARY OF TRANSACTIONS**

| Previous Balance | (-) Payments and Credits | (+) Advances | (+) Other Charges | (+) Periodic Rate FINANCE CHARGES | (+) Transaction Fee FINANCE CHARGES | (=) New Balance Total |
|---|---|---|---|---|---|---|
| $24,091.82 | $0.00 | $0.00 | $49.00 | $345.41 | $0.00 | $24,486.23 |

**TOTAL MINIMUM PAYMENT DUE**

| | |
|---|---|
| Past Due Amount .............. | $1,048.00 |
| Current Payment .............. | $524.00 |
| Total Minimum Payment Due .............. | $1,572.00 |

**FINANCE CHARGE SCHEDULE**

| Category | Periodic Rate | Corresponding Annual Percentage Rate | Balance Subject to Finance Charge |
|---|---|---|---|
| A. ADVANCES .................. | 0.044493% DLY * | 16.24% | $24,037.92 |
| B. ADVANCES .................. | 0.044493% DLY * | 16.24% | $0.00 |
| C. OTHER CHARGES ............. | 0.044493% DLY * | 16.24% | $222.32 |

* Periodic Rate May Vary

• For Customer Satisfaction and up to the minute automated information including, balance, available credit, payments received, payments due, due date, payment address information, or to request duplicate statements, call 1-800-448-7061.

• For TDD (Telecommunication Device for the Deaf) assistance, call 1-877-850-6631.

• Mail payments to: MBNA AMERICA, P.O. BOX 15102, WILMINGTON, DE 19886-5102.

• Billing rights are preserved only by written inquiry. Mail billing inquiries and call account inquiries to: MBNA AMERICA, P.O. BOX 15027, WILMINGTON, DE 19850-5027.

**FOR THIS BILLING PERIOD:**
ANNUAL PERCENTAGE RATE...................... **16.24%**

*(Includes Periodic Rate and Transaction Fee Finance Charges.)*

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

USE003

4970   005   5HN   0200  0000  00
PAGE 1 OF 1



**At Your Service®**

www.mbnanetaccess.com

**CUSTOMER SINCE 2004**

| ACCOUNT NUMBER | |
|---|---|
| | 5 261 |
| PAYMENT DUE DATE | NEW BALANCE TOTAL |
| 06/01/06 | $24,853.17 |
| TOTAL MINIMUM PAYMENT DUE | AMOUNT ENCLOSED |
| $2,096.00 | |

*DETACH TOP PORTION AND RETURN WITH PAYMENT*

Make check payable to:

**MBNA AMERICA**
**P.O. BOX 15102**
**WILMINGTON, DE 19886-5102**

For account information call 1-800-448-7061
Print change of address or new telephone number below

Address

City (   )          Zip
Home phone          Work phone

DON G DEPUGH
18 DOVE TRACE CIR
THE WOODLANDS TX 77382-258418

04

| Account Number | Credit Line | Cash or Credit Available | Days in Billing Cycle | Closing Date | Total Minimum Payment Due | Payment Due Date |
|---|---|---|---|---|---|---|
| 5 261 | $25,000.00 | | 29 | 05/02/06 | $2,096.00 | 06/01/06 |

| Posting Date | Transaction Date | Reference Number | Category | Transactions  **MAY 2006 STATEMENT** | Charges | Credits (CR) |
|---|---|---|---|---|---|---|
| OTHER CHARGES | | | | | | |
| 05/02 | 05/02 | 4486 | C | LATE FEE FOR PAYMENT DUE 05/01          * | 49.00 | |
| | | | | TOTAL FOR BILLING CYCLE FROM 04/04/2006 THROUGH 05/02/2006 | $49.00 | $0.00 |

OUR RECORDS SHOW YOUR ACCOUNT IS PAST DUE

**IMPORTANT NEWS**          ***IMPORTANT AMENDMENT*** EFFECTIVE THE FIRST DAY FOLLOWING YOUR STATEMENT CLOSING DATE IN JUNE 2006, IF YOU PAY LATE, THE AMOUNT OF A LATE FEE WILL BE BASED ON YOUR BALANCE ON THE LATE FEE POSTING DATE. REMINDER: TO AVOID A LATE FEE WE MUST RECEIVE EACH TOTAL MINIMUM PAYMENT DUE BY ITS PAYMENT DUE DATE.

### SUMMARY OF TRANSACTIONS

| Previous Balance | (-) Payments and Credits | (+) Advances | (+) Other Charges | (+) Periodic Rate FINANCE CHARGES | (+) Transaction Fee FINANCE CHARGES | (=) New Balance Total |
|---|---|---|---|---|---|---|
| $24,486.23 | $0.00 | $0.00 | $49.00 | $317.94 | $0.00 | $24,853.17 |

**TOTAL MINIMUM PAYMENT DUE**

| | |
|---|---|
| Past Due Amount ............... | $1,572.00 |
| Current Payment ............... | $524.00 |
| Total Minimum Payment Due ..... | $2,096.00 |

### FINANCE CHARGE SCHEDULE

| Category | Periodic Rate | Corresponding Annual Percentage Rate | Balance Subject to Finance Charge |
|---|---|---|---|
| A. ADVANCES .................... | 0.044493% DLY * | 16.24% | $24,366.23 |
| B. ADVANCES .................... | 0.044493% DLY * | 16.24% | $0.00 |
| C. OTHER CHARGES ............... | 0.044493% DLY * | 16.24% | $274.83 |

*,Periodic Rate May Vary

- For Customer Satisfaction and up to the minute automated information including, balance, available credit, payments received, payments due, due date, payment address information, or to request duplicate statements, call 1-800-448-7061.
- For TDD (Telecommunication Device for the Deaf) assistance, call 1-877-850-6631.
- Mail payments to: MBNA AMERICA, P.O. BOX 15102, WILMINGTON, DE 19886-5102.
- Billing rights are preserved only by written inquiry. Mail billing inquiries and call account inquiries to: MBNA AMERICA, P.O. BOX 15027, WILMINGTON, DE 19850-5027.

**FOR THIS BILLING PERIOD:**
ANNUAL PERCENTAGE RATE.................... **16.24%**

*(Includes Periodic Rate and Transaction Fee Finance Charges.)*

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

USE003

3742  005   44Q 0200 0000 00
PAGE 1 OF 1



**MBNA**
At Your Service

www.mbnanetaccess.com

**CUSTOMER SINCE
2004**

| ACCOUNT NUMBER | |
|---|---|
| `5 261` | |
| PAYMENT DUE DATE | NEW BALANCE TOTAL |
| 07/02/06 | $25,252.63 |
| TOTAL MINIMUM PAYMENT DUE | AMOUNT ENCLOSED |
| $2,620.00 | |

DETACH TOP PORTION AND RETURN WITH PAYMENT

4

Make check
payable to:

**MBNA AMERICA
P.O. BOX 15102
WILMINGTON, DE 19886-5102**

For account information call 1-800-448-7061
Print change of address or new telephone number below

**DON G DEPUGH
18 DOVE TRACE CIR
THE WOODLANDS TX  77382-258418**

Address

City                                              Zip

( )                        ( )
Home phone              Work phone

04

| Account Number | | Credit Line | Cash or Credit Available | Days In Billing Cycle | Closing Date | Total Minimum Payment Due | Payment Due Date |
|---|---|---|---|---|---|---|---|
| `5 261` | | $25,000.00 | | 31 | 06/02/06 | $2,620.00 | 07/02/06 |

| Posting Date | Transaction Date | Reference Number | Category | Transactions | | Charges | Credits (CR) |
|---|---|---|---|---|---|---|---|
| | | | | **JUNE 2006 STATEMENT** | | | |
| OTHER | CHARGES | | | | | | |
| 06/02 | 06/02 | 4853 | C | LATE FEE FOR PAYMENT DUE 06/01 | * | 49.00 | $0.00 |
| | | | | TOTAL FOR BILLING CYCLE FROM 05/03/2006 THROUGH 06/02/2006 | | $49.00 | |

```
                    YOUR ACCOUNT IS OVERLIMIT.
                    TO AVOID AN OVERLIMIT FEE
                    ON YOUR NEXT STATEMENT, WE
                    MUST RECEIVE A CONFORMING
                    PAYMENT, THAT BRINGS AND
                    KEEPS YOUR ACCOUNT BALANCE
                    BELOW THE CREDIT LINE,
                    WITHIN 20 DAYS OF THE ABOVE
                    STATEMENT CLOSING DATE,
                    AND NOT GO OVERLIMIT AGAIN.
```

OUR RECORDS SHOW YOUR ACCOUNT IS PAST DUE

**IMPORTANT
NEWS**

MBNA IS JOINING THE BANK OF AMERICA FAMILY. WE ARE COMMITTED TO
ENSURING A SEAMLESS TRANSITION AND LOOK FORWARD TO CONTINUING TO SERVE YOU.

**SUMMARY OF TRANSACTIONS**

| Previous Balance | (-) Payments and Credits | (+) Advances | (+) Other Charges | (+) Periodic Rate FINANCE CHARGES | (+) Transaction Fee FINANCE CHARGES | (=) New Balance Total |
|---|---|---|---|---|---|---|
| $24,853.17 | $0.00 | $0.00 | $49.00 | $350.46 | $0.00 | $25,252.63 |

**TOTAL MINIMUM PAYMENT DUE**

Past Due Amount ............. $2,096.00
Current Payment ............. $524.00
Total Minimum Payment
Due ............. $2,620.00

**FINANCE CHARGE SCHEDULE**

| Category | Periodic Rate | Corresponding Annual Percentage Rate | Balance Subject to Finance Charge |
|---|---|---|---|
| A. ADVANCES ................ | 0.045178% DLY * | 16.49% | $24,696.13 |
| B. ADVANCES ................ | 0.045178% DLY * | 16.49% | $0.00 |
| C. OTHER CHARGES ........... | 0.045178% DLY * | 16.49% | $327.78 |

* Periodic Rate May Vary

• For Customer Satisfaction and up to the minute automated information including, balance, available credit, payments received, payments due, due date, payment address information, or to request duplicate statements, call 1-800-448-7061.

• For TDD (Telecommunication Device for the Deaf) assistance, call 1-877-850-6631.

• Mail payments to: MBNA AMERICA, P.O. BOX 15102, WILMINGTON, DE 19886-5102.

• Billing rights are preserved only by written inquiry. Mail billing inquiries and call account inquiries to: MBNA AMERICA, P.O. BOX 15027, WILMINGTON, DE 19850-5027.

**FOR THIS BILLING PERIOD:**
ANNUAL PERCENTAGE RATE...................... 16.49%

*(Includes Periodic Rate and Transaction Fee Finance Charges.)*

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

USE003

5876  006   6HW 0002 0000 00



**Bank of America**



**mbna**

CUSTOMER SINCE
2004

| ACCOUNT NUMBER | |
|---|---|
| | )5 261 |

| PAYMENT DUE DATE | NEW BALANCE TOTAL |
|---|---|
| 08/01/06 | $25,712.46 |

| TOTAL MINIMUM PAYMENT DUE | AMOUNT ENCLOSED |
|---|---|
| $3,144.00 | |

DETACH TOP PORTION AND RETURN WITH PAYMENT

*Make check payable to:*

MBNA AMERICA
P.O. BOX 15102
WILMINGTON, DE 19886-5102

For account information call 1-800-892-8349
Print change of address or new telephone number below

4

DON G DEPUGH
18 DOVE TRACE CIR
THE WOODLANDS TX  77382-258418

Address _____

City _____  Zip _____

Home phone ( ) _____  Work phone ( ) _____

| Account Number | Credit Line | Cash or Credit Available | Days in Billing Cycle | Closing Date | Total Minimum Payment Due | Payment Due Date |
|---|---|---|---|---|---|---|
| 5 261 | $25,000.00 | | 31 | 07/03/06 | $3,144.00 | 08/01/06 |

| Posting Date | Transaction Date | Reference Number | Category | Transactions | | Charges | Credits (CR) |
|---|---|---|---|---|---|---|---|
| | | | | **JULY 2006 STATEMENT** | | | |
| OTHER CHARGES | | | | | | | |
| 07/03 | 07/02 | 5252 | C | LATE FEE FOR PAYMENT DUE 07/02 | * | 49.00 | |
| 07/03 | 06/22 | D/20 | C | OVERLIMIT FEE (BASED | * | 49.00 | |
| | | | | ON BALANCE  25,252.63) | | | |
| | | | | TOTAL FOR BILLING CYCLE FROM 06/03/2006 THROUGH 07/03/2006 | | $98.00 | $0.00 |

```
                        YOUR ACCOUNT IS OVERLIMIT.
                        TO AVOID AN OVERLIMIT FEE
                        ON YOUR NEXT STATEMENT, WE
                        MUST RECEIVE A CONFORMING
                        PAYMENT, THAT BRINGS AND
                        KEEPS YOUR ACCOUNT BALANCE
                        BELOW THE CREDIT LINE,
                        WITHIN 20 DAYS OF THE ABOVE
                        STATEMENT CLOSING DATE,
                        AND NOT GO OVERLIMIT AGAIN.
```

OUR RECORDS SHOW YOUR ACCOUNT IS PAST DUE

**IMPORTANT NEWS**

YOUR 2006 BANK OF AMERICA PRIVACY POLICY FOR CONSUMERS IS ENCLOSED IN THIS STATEMENT. PLEASE READ THE POLICY CAREFULLY FOR IMPORTANT UPDATES. THIS POLICY REPLACES YOUR PREVIOUS PRIVACY NOTICE. IF YOU HAVE ANY OTHER ACCOUNTS WITH BANK OF AMERICA, YOU MAY RECEIVE MORE THAN ONE COPY OF THE 2006 PRIVACY POLICY.

STARTING SOON, ALL PAYMENTS BY PHONE WILL BE MADE ELECTRONICALLY. YOU MAY AUTHORIZE AN ELECTRONIC PAYMENT BY PROVIDING THE PAYMENT AMOUNT AND DATE, YOUR BANK ACCOUNT NUMBER, AND SECURITY INFORMATION. A SERVICE FEE MAY APPLY. TO CANCEL, CALL US BY 3:30PM ET ON THE PAYMENT DATE. PLEASE RETAIN THESE TERMS.

**SUMMARY OF TRANSACTIONS**

| Previous Balance | (-) Payments and Credits | (+) Advances | (+) Other Charges | (+) Periodic Rate FINANCE CHARGES | (+) Transaction Fee FINANCE CHARGES | (=) New Balance Total |
|---|---|---|---|---|---|---|
| $25,252.63 | $0.00 | $0.00 | $98.00 | $361.83 | $0.00 | $25,712.46 |

**TOTAL MINIMUM PAYMENT DUE**

| | |
|---|---|
| Past Due Amount .............. | $2,620.00 |
| Current Payment .............. | $524.00 |
| Total Minimum Payment Due | $3,144.00 |

**FINANCE CHARGE SCHEDULE**

| Category | Periodic Rate | Corresponding Annual Percentage Rate | Balance Subject to Finance Charge |
|---|---|---|---|
| A. ADVANCES ................. | 0.045863% DLY * | 16.74% | $25,046.94 |
| B. ADVANCES ................. | 0.045863% DLY * | 16.74% | $0.00 |
| C. OTHER CHARGES ........... | 0.045863% DLY * | 16.74% | $402.37 |

* Periodic Rate May Vary

• For Customer Satisfaction and up to the minute automated information including, balance, available credit, payments received, payments due, due date, payment address information, or to request duplicate statements, call 1-800-892-8349.
• For TDD (Telecommunication Device for the Deaf) assistance, call 1-877-850-6631.
• Mail payments to: MBNA AMERICA, P.O. BOX 15102, WILMINGTON, DE 19886-5102.
• Billing rights are preserved only by written inquiry.  Mail billing inquiries and cell account inquiries to: MBNA AMERICA, P.O. BOX 15027, WILMINGTON, DE 19850-5027.

| FOR THIS BILLING PERIOD: | |
|---|---|
| ANNUAL PERCENTAGE RATE...................... | 16.74% |
| *(Includes Periodic Rate and Transaction Fee Finance Charges.)* | |



**Bank of America**

**mbna**

CUSTOMER SINCE
2004

| ACCOUNT NUMBER | |
|---|---|
| 5 261 | |

| PAYMENT DUE DATE | NEW BALANCE TOTAL |
|---|---|
| 09/01/06 | $26,166.89 |

| TOTAL MINIMUM PAYMENT DUE | AMOUNT ENCLOSED |
|---|---|
| $3,668.00 | |

DETACH TOP PORTION AND RETURN WITH PAYMENT

Make check payable to:

MBNA AMERICA
P.O. BOX 15102
WILMINGTON, DE 19886-5102

For account information call 1-800-448-7061
Print change of address or new telephone number below

4

DON G DEPUGH
18 DOVE TRACE CIR
THE WOODLANDS TX 77382-258418

Address _____

City _____ Zip _____

Home phone (   )   Work phone (   )

☐4

| Account Number | | Credit Line | | Cash or Credit Available | | Days in Billing Cycle | Closing Date | Total Minimum Payment Due | Payment Due Date |
|---|---|---|---|---|---|---|---|---|---|
| 5 261 | | $25,000.00 | | | | 30 | 08/02/06 | $3,668.00 | 09/01/06 |

| Posting Date | Transaction Date | Reference Number | Category | Transactions | Charges | Credits (CR) |
|---|---|---|---|---|---|---|
| | | | | **AUGUST 2006 STATEMENT** | | |
| OTHER CHARGES | | | | | | |
| 08/01 | 08/01 | 5712 | C | LATE FEE FOR PAYMENT DUE 08/01 * | 49.00 | |
| 08/02 | 07/23 | D/20 | C | OVERLIMIT FEE (BASED * | 49.00 | |
| | | | | ON BALANCE  25,712.46) | | |
| | | | | TOTAL FOR BILLING CYCLE FROM 07/04/2006 THROUGH 08/02/2006 | $98.00 | $0.00 |

```
          YOUR ACCOUNT IS OVERLIMIT.
          TO AVOID AN OVERLIMIT FEE
          ON YOUR NEXT STATEMENT, WE
          MUST RECEIVE A CONFORMING
          PAYMENT, THAT BRINGS AND
          KEEPS YOUR ACCOUNT BALANCE
          BELOW THE CREDIT LINE,
          WITHIN 20 DAYS OF THE ABOVE
          STATEMENT CLOSING DATE,
          AND NOT GO OVERLIMIT AGAIN.
```

OUR RECORDS SHOW YOUR ACCOUNT IS PAST DUE

**IMPORTANT NEWS**   AS MBNA AND BANK OF AMERICA JOIN FORCES, PLEASE KEEP USING YOUR ACCOUNT AS YOU DO TODAY. YOUR ACCOUNT NUMBER STAYS THE SAME AND MBNA CHECKS ARE VALID.

**SUMMARY OF TRANSACTIONS**

| Previous Balance | (−) Payments and Credits | (+) Advances | (+) Other Charges | (±) Periodic Rate FINANCE CHARGES | (±) Transaction Fee FINANCE CHARGES | (=) New Balance Total |
|---|---|---|---|---|---|---|
| $25,712.46 | $0.00 | $0.00 | $98.00 | $356.43 | $0.00 | $26,166.89 |

**TOTAL MINIMUM PAYMENT DUE**

| Past Due Amount | $3,144.00 |
|---|---|
| Current Payment | $524.00 |
| Total Minimum Payment Due | $3,668.00 |

**FINANCE CHARGE SCHEDULE**

| Category | Periodic Rate | Corresponding Annual Percentage Rate | Balance Subject to Finance Charge |
|---|---|---|---|
| A. ADVANCES | 0.045863% DLY * | 16.74% | $25,399.67 |
| B. ADVANCES | 0.045863% DLY * | 16.74% | $0.00 |
| C. OTHER CHARGES | 0.045863% DLY * | 16.74% | $505.79 |

* Periodic Rate May Vary

- For Customer Satisfaction and up to the minute automated information including, balance, available credit, payments received, payments due, due date, payment address information, or to request duplicate statements, call 1-800-448-7061.
- For TDD (Telecommunication Device for the Deaf) assistance, call 1-877-850-6631.
- Mail payments to: MBNA AMERICA, P.O. BOX 15102, WILMINGTON, DE 19886-5102.
- Billing rights are preserved only by written inquiry. Mail billing inquiries and call account inquiries to: MBNA AMERICA, P.O. BOX 15027, WILMINGTON, DE 19850-5027.

| FOR THIS BILLING PERIOD: | |
|---|---|
| ANNUAL PERCENTAGE RATE | 16.74% |
| (Includes Periodic Rate and Transaction Fee Finance Charges.) | |

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.          USE003

7729  005  8KM 0200 0000 00

PAGE 1 OF 1

 

**CUSTOMER SINCE 2004**



| ACCOUNT NUMBER | |
|---|---|
| .5 261 | |

| PAYMENT DUE DATE | NEW BALANCE TOTAL |
|---|---|
| 10/02/06 | $26,639.80 |

| TOTAL MINIMUM PAYMENT DUE | AMOUNT ENCLOSED |
|---|---|
| $4,192.00 | |

*DETACH TOP PORTION AND RETURN WITH PAYMENT*



Make check payable to:

MBNA AMERICA
P.O. BOX 15102
WILMINGTON, DE 19886-5102

For account information call 1-800-448-7061
Print change of address or new telephone number below

4

DON G DEPUGH
18 DOVE TRACE CIR
THE WOODLANDS TX 77382-258418

Address

City                    Zip
Home phone  (    )      Work phone  (    )

| Account Number | Credit Line | Cash or Credit Available | Days in Billing Cycle | Closing Date | Total Minimum Payment Due | Payment Due Date |
|---|---|---|---|---|---|---|
| .5 261 | $25,000.00 | | 31 | 09/02/06 | $4,192.00 | 10/02/06 |

| Posting Date | Transaction Date | Reference Number | Category | Transactions | | Charges | Credits (CR) |
|---|---|---|---|---|---|---|---|
| | | | | **SEPTEMBER 2006 STATEMENT** | | | |
| OTHER CHARGES | | | | | | | |
| 09/01 | 09/01 | 6166 | C | LATE FEE FOR PAYMENT DUE 09/01 | * | 49.00 | |
| 09/02 | 08/22 | D/20 | C | OVERLIMIT FEE (BASED | * | 49.00 | |
| | | | | ON BALANCE   26,166.89) | | | |
| | | | | TOTAL FOR BILLING CYCLE FROM 08/03/2006 THROUGH 09/02/2006 | | $98.00 | $0.00 |

YOUR ACCOUNT IS OVERLIMIT.
TO AVOID AN OVERLIMIT FEE
ON YOUR NEXT STATEMENT, WE
MUST RECEIVE A CONFORMING
PAYMENT, THAT BRINGS AND
KEEPS YOUR ACCOUNT BALANCE
BELOW THE CREDIT LINE,
WITHIN 20 DAYS OF THE ABOVE
STATEMENT CLOSING DATE,
AND NOT GO OVERLIMIT AGAIN.

OUR RECORDS SHOW YOUR ACCOUNT IS PAST DUE

**IMPORTANT NEWS**

AS MBNA AND BANK OF AMERICA JOIN FORCES, PLEASE KEEP USING YOUR ACCOUNT AS YOU DO TODAY. YOUR ACCOUNT NUMBER STAYS THE SAME AND MBNA CHECKS ARE VALID.

## SUMMARY OF TRANSACTIONS

| Previous Balance | (-) Payments and Credits | (+) Advances | (+) Other Charges | (+) Periodic Rate FINANCE CHARGES | (+) Transaction Fee FINANCE CHARGES | (=) New Balance Total |
|---|---|---|---|---|---|---|
| $26,166.89 | $0.00 | $0.00 | $98.00 | $374.91 | $0.00 | $26,639.80 |

## TOTAL MINIMUM PAYMENT DUE

Past Due Amount .............. $3,668.00
Current Payment .............. $524.00
Total Minimum Payment
Due .............. $4,192.00

## FINANCE CHARGE SCHEDULE

| Category | Periodic Rate | Corresponding Annual Percentage Rate | Balance Subject to Finance Charge |
|---|---|---|---|
| A. ADVANCES .................. | 0.045863% DLY * | 16.74% | $25,757.39 |
| B. ADVANCES .................. | 0.045863% DLY * | 16.74% | $0.00 |
| C. OTHER CHARGES ............. | 0.045863% DLY * | 16.74% | $612.49 |

* Periodic Rate May Vary

• For Customer Satisfaction and up to the minute automated information including, balance, available credit, payments received, payments due, due date, payment address information, or to request duplicate statements, call 1-800-448-7061.
• For TDD (Telecommunication Device for the Deaf) assistance, call 1-877-850-6631.
• Mail payments to: MBNA AMERICA, P.O. BOX 15102, WILMINGTON, DE 19886-5102.
• Billing rights are preserved only by written inquiry. Mail billing inquiries and call account inquiries to:
  MBNA AMERICA, P.O. BOX 15027, WILMINGTON, DE 19850-5027.

| FOR THIS BILLING PERIOD: | |
|---|---|
| ANNUAL PERCENTAGE RATE...................... | 16.74% |

*(Includes Periodic Rate and Transaction Fee Finance Charges.)*

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

USE003

8732   005   9P2 0200 0000 00

PAGE 1 OF 1



**Bank of America**

**mbna**

*Prepared for:* **DON G DEPUGH**

52 61

**October 2006 Statement**
*Credit Line:*   $0.00
*Cash or Credit Available:*

**Customer Service**
*For Information on Your Account Visit:*
www.mbnanetaccess.com
*Mail Payments to:*
MBNA AMERICA
P.O. BOX 15713
WILMINGTON, DE 19886-5713
*Mail Billing Inquiries to:*
MBNA AMERICA
P.O. BOX 15027
WILMINGTON, DE 19850-5027
Call toll-free 1-800-446-7061
TDD hearing-impaired 1-877-850-6631

## Account Information

| Summary of Transactions | | | | Billing Cycle and Payment Information | |
|---|---|---|---|---|---|
| Previous Balance | | $26,639.80 | | Days in Billing Cycle | 31 |
| Payments and Credits | − | $26,639.80 | | Closing Date | 10/03/06 |
| Cash Advances | + | $0.00 | | | |
| Purchases and Adjustments | + | $0.00 | | Payment Due Date | 11/01/06 |
| Periodic Rate Finance Charges | + | $0.00 | | Current Payment Due | $0.00 |
| Transaction Fee Finance Charges | + | $0.00 | | Past Due Amount + | $0.00 |
| | | | | Total Minimum | |
| New Balance Total | | $0.00 | | Payment Due | $0.00 |

## Transactions

| | Posting Date | Transaction Date | Reference Number | Account Number | Category | Amount |
|---|---|---|---|---|---|---|
| **Payments and Credits** | | | | | | |
| CHARGE OFF ADJUSTMENT | | | | | | $26,639.80 CR |

## Finance Charge Schedule

| Category | Periodic Rate | Corresponding Annual Percentage Rate | Balance Subject to Finance Charge |
|---|---|---|---|
| **Cash Advances** | | | |
| A. Balance Transfers, Checks | 0.000000% DLY * | 0.00% | $0.00 |
| B. ATM, Bank | 0.000000% DLY * | 0.00% | $0.00 |
| C. Purchases | 0.000000% DLY * | 0.00% | $0.00 |

**Annual Percentage Rate for this Billing Period:**
(Includes Periodic Rate Finance Charges and Transaction Fee Finance Charges.)

See Corresponding Annual Percentage Rate Above

*Periodic Rate May Vary

## Important Information About Your Account

STARTING SOON, ALL PAYMENTS BY PHONE WILL BE MADE ELECTRONICALLY. YOU MAY AUTHORIZE AN ELECTRONIC PAYMENT BY PROVIDING THE PAYMENT AMOUNT AND DATE, YOUR BANK ACCOUNT NUMBER, AND SECURITY INFORMATION. A SERVICE FEE MAY APPLY. TO CANCEL, CALL US BY 3:30PM ET ON THE PAYMENT DATE. PLEASE RETAIN THESE TERMS.

BANK OF AMERICA IS PROUD TO BE YOUR FINANCIAL PROVIDER. YOU WILL CONTINUE TO ENJOY THE SAME GREAT SERVICE YOU ALWAYS HAVE. THANK YOU FOR YOUR BUSINESS.

YOUR STATEMENT AND ENVELOPE HAVE A NEW LOOK AND FEEL. THIS NEW EASY-TO-READ FORMAT WILL HELP YOU REVIEW YOUR STATEMENT FASTER. TO LEARN MORE ABOUT HOW TO FIND IMPORTANT INFORMATION ON YOUR IMPROVED STATEMENT, SEE THE ENCLOSED INSERT.

04

MBNA AMERICA
P.O. BOX 15713
WILMINGTON, DE 19886-5713

DON G DEPUGH
18 DOVE TRACE CIR
THE WOODLANDS TX  77382-2584-185



☐ Check here for a change of mailing address or phone number(s). Please provide all corrections on the reverse side.

**Payment Information**

ACCOUNT NUMBER:          52 61

NEW BALANCE TOTAL: $0.00
PAYMENT DUE DATE: 11/01/06

TOTAL MINIMUM
PAYMENT DUE
$0.00

*Enter Payment Amount Enclosed:*
$

*Mail this payment coupon along with a check or money order payable to: MBNA AMERICA*





Prepared for:   DON G DEPUGH

85 48

**October 2006 Statement**
Credit Line:           $0.00
Cash or Credit Available:

**Customer Service**
For Information on Your Account Visit
www.bankofamerica.com
Mail Payments to:
BANK OF AMERICA
P.O. BOX 15726
WILMINGTON, DE 19886-5726
Mail Billing Inquiries to:
BANK OF AMERICA
P.O. BOX 15720
WILMINGTON, DE 19850-5720
Call toll-free 1-888-793-6262
TDD hearing-impaired 1-877-850-6631

## Account Information

| Summary of Transactions | | |
|---|---|---|
| Previous Balance | | $26,639.80 |
| Payments and Credits | - | $0.00 |
| Cash Advances | + | $0.00 |
| Purchases and Adjustments | + | $0.00 |
| Periodic Rate Finance Charges | + | $692.89 |
| Transaction Fee Finance Charges | + | $0.00 |
| New Balance Total | | $27,332.69 |

| Billing Cycle and Payment Information | |
|---|---|
| Days in Billing Cycle | 56 |
| Closing Date | 10/28/06 |
| Payment Due Date | 11/26/06 |
| Current Payment Due | $524.00 |
| Past Due Amount          + | $3,668.00 |
| Total Minimum Payment Due | $4,192.00 |

## Transactions

| Purchases and Adjustments | Posting Date | Transaction Date | Reference Number | Account Number | Category | Amount |
|---|---|---|---|---|---|---|
| TRANSFROM 7497383578321 1 28 639 | 10/28 | 10/28 | | | | |

## Finance Charge Schedule

| Category | Periodic Rate | Corresponding Annual Percentage Rate | Balance Subject to Finance Charge |
|---|---|---|---|
| **Cash Advances** | | | |
| A. Balance Transfers, Checks | 0.045863% DLY * | 16.74% | $26,276.80 |
| B. ATM, Bank | 0.045863% DLY * | 16.74% | $0.00 |
| C. Purchases | 0.045863% DLY * | 16.74% | $701.78 |

Annual Percentage Rate for this Billing Period:                                    16.74%
(Includes Periodic Rate Finance Charges and Transaction Fee Finance Charges.)
* Periodic Rate May Vary

## Important Information About Your Account

OUR RECORDS SHOW YOUR ACCOUNT IS PAST DUE

YOUR BALANCE EXCEEDS APPROVED CREDIT LIMITS

23

BANK OF AMERICA
P.O. BOX 15726
WILMINGTON, DE 19886-5726

DON G DEPUGH
18 DOVE TRACE CIR
THE WOODLANDS TX  77382-2584-185

☐ Check here for a change of mailing address or phone number(s).
Please provide all corrections on the reverse side.

**Payment Information**

ACCOUNT NUMBER:                    85 48

NEW BALANCE TOTAL: $27,332.69
PAYMENT DUE DATE:  11/26/06

TOTAL MINIMUM
PAYMENT DUE
$4,192.00

Enter Payment Amount Enclosed
$

Mail this payment coupon along with a
check or money order payable to: BANK OF AMERICA

